Messrs. Duncan and Hall, *pro quer*.
Messrs. D. Smith and Walker, *pro def*.

---

Lessee of John Watt and Hugh Watt *against* William Gilmore.

A variance between the commissioner's·advertisement of lands to be sold for non-payment of taxes, assessment and deed, is a fatal exception.
A commissioners' deed under their common seal, is merely void.

Ejectment for lands in Turbutt township.
The plaintiff claimed under an application entered in the name of Michael Gillespie, and a survey made thereon, a conveyance by him to Jacob Grove, who conveyed to Abraham Latcha, who conveyed to the lessors of the plaintiff on the 3d December 1773, in consideration of 300*l*.

The defendant claimed under a deed for the premises from the commissioners of the county to him under their common seal, in consideration of 12*l*. 5*s*.    The lands were assessed as the property of Allen Gillespie and James Gailey, for the years 1776, 1777, 1780 and 1785, and sold as their property for non-payment of taxes ; but were advertised as the property of Charles Gillespie and company.

The court declared that the variance between the advertisement, assessment and deed, was a fatal exception ; but it was clear moreover, than the deed was a mere nullity, being made under their common seal, which they were not authorized by law to use.   They could only convey by deeds, under their hands and seal.   And so it was determined in Snevely's lessee v. Dickey, at the last May assizes for Bedford county, by M'Kean C. J. and Smith J.

Verdict <i>pro quer.</i>

Messrs, Duncan and Walker, <i>pro quer.</i>
Mr. D. Smith, <i>pro def.</i>

The same point was determined in another cause, resting on a sale from the commissioners, between the lessee of John Singer v. Philip Moore, and a verdict given accordingly for the plaintiff.

Mr. D. Smith, <i>pro quer.</i>   Mr. Hall, <i>pro def.</i>