Slough paid Charles Lukens, the deputy surveyor, 32l. 2s. for surveying the present tract and eight others. On the 29th August 1769, Crampton released his interest to Callender in consideration of 25l.

The plaintiff then offered to shew by Arthur Buchannan, that Joseph Poultney had often declared to him that he had disposed of all his claim in the partnership concern of these lands to Callender for a valuable consideration ; that these conversations passed in 1773, and previous thereto Callender came over to view this tract with Thomas Holt.

This was also opposed by the defendant's counsel, who insisted, that the act for prevention of frauds and perjuries, passed on the 21st March 1772, prevents freehold interests passing by parol. 1 Dall. St. Laws 640.

*Sed per Cur.* The plaintiff claims under the application and survey. Thomas Poultney's name was made use of ; but if Slough entered the location and paid the surveying fees, it is a resulting trust and saved by the act. It turns out, that Joseph Poultney assisted in the discovery of the locations, and had an equitable interest in the partnership lands. It is competent to shew that he relinquished all his claims to the person who took out the legal rights by parol testimony, which may fix and designate "the act and operation of law " on the whole transaction.

A verdict passed for the plaintiff, and the court sealed a bill of exceptions on the points of evidence, ruled in the cause.

Messrs. Duncan and Watts, *pro quer.*

Messrs. Hamilton and Clark, *pro def.*

Cited in 13 S. & R. 22.
Cited in 2 Watts 80 to show that a good registry in one county may be received as evidence of the original in every other county.
Referred to in 8 Watts 210.

# Lessee of Joseph Simon *against* William Brown, esq.

A deed from the commissioners for lands sold for non-payment of taxes under their common seal, is no evidence of title.
A deed recorded without a proper probate, is no evidence of notice to subsequent purchasers.

EJECTMENT for 314 acres and allowance in Potter's township.

The defendant in the course of the trial offered in evidence a deed from the commissioners of Northumberland county, under their common seal, dated 8th October 1788, to John Thornburgh, in consideration of 13l. 10s., the same having been sold for state and county taxes for 1785 and 1786, and by Thorn-

[Turbett *v.* Turbett's Executors.]

burgh assigned to Henry Drinker, on the 28th April 1795, in consideration of 50l.

*But the court refused the same, and said that such deeds were mere nullities, and had been overruled more [*187 than once. If the object was to prove that these taxes had been assessed on the land, and thus paid by those under whom the defendant claimed, in order to raise an equity, those facts were capable of better proof by the duplicates and the treasurer's books.

The defendant claimed under an application entered in the name of Robert Semple, assigned to William Plunket on the 3d May 1782. The plaintiff claimed under the same application assigned to Joseph Simon on the 18th January 1769. To shew a constructive notice to the defendant of this previous assignment to Simon, the certificate of its being recorded on the 26th March 1789, was offered in evidence. The probate on which it was recorded, was the affidavit of Solomon Etting, before James Maxwell, president of the Court of Common Pleas of Franklin county, that Semple had acknowledged the assignment to be his, and desired it might be recorded ; and that John M'Knight, Rebecca M'Nickel and John Chapman,were the subscribing witnesses thereto.

The court said, that the affidavit was illegal and informal, and did not authorize the recording of the transfer. It was no evidence whatever of notice to the defendant, and could not be received. See 3 Cranch 155.

Verdict for the plaintiff.

Mr. Hamilton, *pro quer.* Mr. Duncan, *pro def.*

Cited in 17 S. & R. 70 to show that a deed without a proper probate or acknowledgment was notice of nothing. Cited for the same purpose in 2 Watts 77; 1 Watts 479; 5 Pa. 149.