*256 The opinion of the Court was delivered by
Tilghman C. J.
At the time when this deed was executed, the commissioners had no lawful common seal, and it ^as ^een several times decided, that such deeds are of no validity. It conveyed no title to James Willing, and there£ore woui(j have been no evidence of title. But it was offered for a different purpose. A man who stands on the act of limitations, must prove a possession-adverse to the plaintiff, for twenty-one years before the commencement of the action. But how is this to be done ? The bare possession, being in itself equivocal, recourse must be had to acts and declarations of the possessor, in order to discover quo animo the possession was held. It having been shewn, that William Clark, held under James Willing, nothing could be stronger evidence of his holding adversely to the plaintiffs, than by shewing that his landlord’s pretensions were directly adverse to John Musser, under whom the plaintiffs claim. No matter whether James Willing, had title or not. He came into possession, in hostility to John Musser. But the plaintiffs’ counsel say, that before the defendant could be permitted to shew that William Clark’s possession was adverse to the plaintiffs’, it was incumbent on him to prove, that his own possession was derived from William Clark. On the other hand, the defendant contends, that it Was time enough for him to shew his connection with William Clark, after hehad proved the nature of William Clark’s possession; and besides, that he had already given evidence, from which he intended to insist before the jury, that his connection with Wflliam Clark, was sufficiently proved. I think the defendant is right. No objection was made to the evidence of William Clark’s being in possession; and having been proved to be in possession, it was certainly proper, to shew whether that possession was under the plaintiffs, or against them. The plaintiffs ought to have made this objection when first the. evidence was offered of William Clark’s possession. But if the defendant had been asked then, for what purpose he offered the evidence of William Clark’s possession, he might barely have answered, that he intended afterwards to shew his connection with William Clark. The Court would not have put him upon shewing his connection, in the first instance ; for that would have been inverting the natural order of things. Just so, when the plaintiffs offered the npplica *257 íion and survey under which they derived title, they might say, that they would afterwards deduce title to themselves, and if they did not, the application and survey would go for nothing. I am clearly of opinion, that the evidence offered by the defendant, ought to have been admitted. The judgment therefore should be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.
Gibson J. assented.
Duncan J., gave no opinion, having been counsel for the trustees of the college.