IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

MIDDLE DISTRICT, JUNE TERM 1833.

## Huston *against* Foster.

In order to the admission in evidence of a deed from the county commissioners, it is not necessary to show all the pre-requisites of a sale made for taxes by the treasurer to the commissioners: it is sufficient if it appear that the grantor was the treasurer, and that he did sell and convey to the commissioners.

It is not a good objection to a deed from the commissioners that the sale was made on a day to which it had been adjourned. Nor is it a good objection, that the deed was under the private seal of the commissioners and not their corporate seal.

ERROR to the common pleas of *Huntingdon* county.

This was an ejectment by *William Foster* against *Matthew Huston*, for four hundred and four acres of land. *Matthew Huston*, the defendant, was the tenant of Mrs *Cadwallader*, in whom the original title had been. The plaintiff proved that *Samuel Steel* had been treasurer of Huntingdon county for the year 1820, and then offered in evidence a deed from him to the commissioners for the land in dispute, sold in that year for taxes. It was objected to:

1. Because, under the acts of assembly, it required a specific case before they could purchase, and it lies upon them to show, that that case had occurred, before the deed could be received in evidence.

2. Because, where a deed is made by the commissioners, it must be supported by proof of all the pre-requisites of the act of assembly; it is not embraced by the terms of the act of 1815; that act only applies to sales by the treasurer.

[Huston v. Foster.]

3. The sale was not made on the day fixed by the act of assembly for that purpose.

4. The deed was not sealed with the corporate seal of the county commissioners.

The proof was then made that the sale was adjourned from the day appointed by law, to the day on which it was sold. The deed was under the private seals of the commissioners.

The objections were overruled, and exception taken by defendant. The court instructed the jury, that the plaintiff was entitled to recover, who found a verdict accordingly.

The admission of the evidence and instruction of the court were assigned for error.

*Potter*, for plaintiff in error, referred to the act of 13th of March 1815, sect. 2, 4 and 6, and 16 *Serg. & Rawle* 351.

*A. P. Wilson* and *Miles*, contra, cited, 2 *Yeates* 331 ; 3 *Yeates* 186.

The opinion of the Court was delivered by

GIBSON, C. J.—By the common law, which views every invasion of the sanctity of property with peculiar jealousy, an authority to divest the title of another is required to be strictly pursued, and as the maxim *omnia rite presumuntur* is appropriate but to judicial proceedings, no intendment in respect to the exercise of it is to be made in favour of what does not appear ; so that every act whose performance is made a condition of the divesture, must be shown by proof. It is this principle which requires the assignees of a bankrupt, in an action against a third person, to show the commission and the regularity of the proceedings under it up to the assignment by the commissioners : and it was a misapprehension of, perhaps its existence—certainly of its nature and extent, which baffled the attempts of the legislature to remedy the inconvenience of its application to sales of unseated land for taxes. The object was not attained till the act of 1815 dispensed with the principle altogether : the curative provision of which, however, has been said in the argument to be adapted only to sales by the treasurer and not to those by the commissioners, having bought in for the benefit of the county. The remark is undoubtedly just ; and why ? Because those sales were never in need of it ; the common law principle, which it was intended to subvert, being inapplicable to a disposition by the owner himself. Here it is admitted that the title had passed from the original proprietor to the county, which was disposing, by the instrumentality of its officers, of its own land ; so that in an action between its vendee and a wrong-doer, every intendment is to be made in support of the sale. The act, indeed, points out a mode by which an indefeasible title may undoubtedly be vested in the purchaser; but I am unprepared to say that its provisions in this particular are not barely directory ; or that the admitted want of an intermediate link would be

[Huston v. Foster.]

fatal to the title between the purchaser, and any one but the county or a person standing in privity to it. But were it otherwise, no such want of a link is shown or admitted here, the reliance of the defendant being on the absence of proof by the other side. As to the offer to redeem, or rather to appropriate money paid on general account to the taxes due on this particular tract, that could not have been done without the consent of the former owner; and taking for granted that *M'Cahen* was authorized to act for Mrs *Cadwallader*, yet when he called on the commissioners to do so, the day of redemption had gone by, and the title of the county had become indefeasible.

The objection to the deed for want of the corporate seal, rests on different ground. Originally a deed under the common seal of county commissioners was utterly void; though it appears, by the *Lessee of Watt* v. *Gillmore*, 2 *Yeates* 330.; *Lessee of Simon* v. *Brown*, 3 *Yeates* 186, and *M'Cay* v. *Dickinson College*, 5 *Serg. & Rawle* 254; that such a seal had been sometimes used. How far its use has since been sanctioned it might not perhaps be necessary to determine. But we find the legislature declaring, in the act of the 11th of April 1799, that " the commissioners of each county within the commonwealth shall have and use one common seal for the purpose of sealing their *proceedings;* and *copies* of the same, when signed and sealed by the commissioners, and attested by their clerk, shall be good evidence of *such* proceedings on the trial of any cause in any of the courts of this commonwealth." This provision seems to relate rather to the record of transactions in the office, that may require an act of authentication, than to a single determinate act *in pais,* which going into the hands of the grantee, is susceptible of authentication as other conveyances are. Certainly the mode of authenticating these deeds is not so conclusively directed by statute, as to exclude the mode of execution authorized by the common law, before county commissioners were recognized as a *quasi* corporation. Every consideration of policy requires a deed thus executed to be sustained; nor does the recognition of it imply that the use of the common seal in similar cases is necessarily to be held bad. Many titles might be shaken by it; and it certainly would not conduce to the repose of the community, to hold the commissioners strictly to the observance of technicalities. Even where they have affixed their common seal to their individual signatures, it would require no great stress of ingenuity to take it separately for the seal of each, adopted for the occasion. However that might be, the presence of the private seals of the commissioners puts the validity of the instrument beyond the reach of dispute, and authorized the unqualified direction given by the judge that the plaintiff was entitled to recover.

Judgment affirmed.