## Dyer *versus* Covington Township.

Orders drawn by township supervisors on the township treasurer, "payable out of moneys arising from road taxes," are not *bills of exchange*, nor contracts of any kind; and in a suit by the holder of them against the township, on the orders, *interest* on them is not recoverable.

ERROR to the Common Pleas of *Tioga county*.

A case was stated to February Term, 1850, in relation to a claim by Edwin Dyer *v.* The Township of Covington, and the question submitted was, whether the township was liable for *interest* on certain orders held by the plaintiff. They were orders drawn by the township supervisors, elected under the provisions of the Act of 15th April, 1834, relating to counties and townships and township officers, on the treasurer of the township, and were payable "out of the moneys in his hands arising from the road taxes." The orders were dated at various times in 1845 –6–7, exceeding in all $400; and most of them were presented for payment in June 1846, others in April 1847. The plaintiff claimed the amount of the orders, *with interest* on them from the time they were presented to the treasurer of the township for payment. Payment was not made when demanded, on account · of want of funds belonging to the township at the time.

WILLISTON, J., observed, that the orders were payable out of the moneys in the hands of the treasurer arising from the road taxes. The orders were not then payable till he had such funds. The case shows that he refused payment because he had not such funds, and it does not appear that he has had them since. He ordered judgment to be entered in the case for the amount of the orders *without interest*, viz., for $427.18, with costs. And this was assigned as error.

Reference was made to *Purdon* 210, sec. 3, 4, 5, of the Act of 15th April, 1834, relative to counties and townships; *Idem* 1089, provisions relative to township rates; *Idem* 1121, as to supervisors and township treasurers; and to 16 *Ser. & R.* 264, Breyfogle *v.* Beckley, that a bill payable on demand carries interest from the time of demand.

The opinion of the Court was delivered, July 22, by

LOWRIE, J.—These township orders are not bills of exchange, Warner *v.* The Commonwealth, 1 *State Rep.* 154, nor contracts of any kind; but merely directions to the township treasurer to pay certain moneys on account of the township, being the usual form in which all public debts are paid. If there be no funds in hand the orders are not paid; but this is not necessarily a breach even of the original contract on which the orders are given, for they

[Dyer *v.* Covington Township.]

may be issued in advance of the time of payment agreed upon. They are not or should not be intended for circulation, but for immediate presentation. If there be no funds, what then? Simply that the original debt or cause of action remains unsatisfied. If he sues upon that or is unduly delayed upon it, he gets interest as in other cases. But if he retains the orders, he shows an intention to take the chance of funds coming into the treasury, and to accept what alone the treasurer can pay, that is, the face of the order. Where he sues upon the orders the same result follows. He claims in Court what the treasurer could have paid on the orders, that is, the principal without interest. If the suit were on the contract on which the debt arose, we should have it before us in all its circumstances, and could then decide what interest would be proper.

Judgment affirmed.