## Allison *versus* Juniata County.

*County orders not chargeable with interest.—Suit must be brought on original debt.*

1. The holder of a county warrant or order cannot recover interest after demand and non-payment for want of funds.

2. The warrant is not a bill, note, check, or contract, nor is it a satisfaction of the original indebtedness, and no action lies upon it: the suit must be upon the original claim.

ERROR to the Common Pleas of *Juniata county*.

This was an action brought in a justice's court by William M. Allison against Juniata County, and came into the Common Pleas by appeal.

The facts disclosed on the trial were as follows:—

Juniata county was indebted to William M. Allison for money loaned by him to the county to pay bounty to volunteers in the United States army. On the 18th day of July 1863 he received from the commissioners of Juniata county, in full for his claim, the following order:—

"Treasurer of Juniata County: $52.75.

" Pay to William M. Allison $52.75 for bounty claims. Witness our hands this 18th day of July, A. D. 1863.

" WILLIAM KOHLER,
" JAMES S. COX,
Commissioners.

Attest—" JOHN HUZZARD, Clerk."

On the 20th day of July 1863 he presented the order to the treasurer of Juniata county for payment, when payment was refused for want of funds, and at the same time the following endorsement was made on the order:—

" This order presented for payment and refused; no funds in the treasury. July 20th 1863.

" JACOB SULOUFF, Treasurer."

This suit was brought May 19th 1864, for the amount of the order and interest from the date of presentation and refusal of payment.

The court below instructed the jury as follows:—

" The only question presented is, whether the plaintiff is entitled to recover interest. This question is settled by the Supreme Court in 7 Harris 200. The present suit is on the order, and under the ruling in that case we instruct you the plaintiff is not entitled to recover interest. You will find for the plaintiff the amount of the order without interest."

Which was the error assigned.

[Allison *v.* Juniata County.]

*Ezra D. Packer*, for plaintiff.—The case of Dyer *v.* Covington Township, in 7 Harris 200, relied on by the learned judge for his decision, is entirely different from the present. In that case the orders were drawn by the supervisors of Covington township on the treasurer of the township, and were payable " out of the moneys in his hands arising from road taxes." There the order was made payable out of a particular fund, and the township supervisors were limited by law to the amount of taxes to be assessed by them for road purposes: Purd. 782, § 49, 8th ed. And when a person took such an order it was with the chance of funds coming into the treasury from the particular source mentioned in the order. There is no such provision in the order in this suit. It is a direct request to the treasurer to pay the amount therein mentioned on demand, and it was the duty of the county commissioners to provide funds to pay the same when demanded.

In section 37, Act of 15th April 1834, Purd. 180, § 18, 8th ed., county orders are called " warrants." They are in fact certificates of indebtedness, payable on demand; and in Breyfogle *v.* Beckley, 16 S. & R. 264, this rule is well established, that a note or bill payable on demand carries interest from the time of demand. It would be hard to give a reason why the notes or debts of a county should be made an exception to the rule.

In Luzerne County *v.* Day, 11 Harris 143, it is held that " the county commissioners are required to pay all legal claims against the county by *warrants* drawn by them upon the county treasurer. This is the only mode of payment known to the law."

The plaintiff was bound to accept the warrant of the commissioners in payment of his claim. After he had received it he could not return it and bring suit on the original cause of action, for that had been extinguished by the warrant. The county and commissioners were not in default until after demand for payment and refusal. From that time interest should run.

*Edmund S. Doty*, for defendants in error.—The judgment must be affirmed on the authority of Dyer *v.* Covington Township, 7 Harris 200. The cases cannot be distinguished from each other. And it is a mistake to suppose that the original cause of action was extinguished by the acceptance of the order—the reverse is the law; and it is believed that a suit will not lie on a county order: Warner *v.* The Commonwealth, 1 Barr 154; Sidle *v.* Anderson, 9 Wright 467.

The court will not grant a *mandamus* to the county commissioners to compel the payment of interest on an order drawn by them on the county treasurer: The Commonwealth *v.* The Commissioners of Philadelphia County, 4 S. & R. 125. Nor to draw an order if there is no money in the treasury to pay it: Common-

wealth *v.* Commissioners of Lancaster County, 6 Binn. 5, and 1 Whart. 1.

When the plaintiff accepted the order he took his chance of money in the treasury; and when payment was refused, *for want of funds*, it was his duty to return the order, or he might have had a judgment to bear interest. There is no Act of Assembly that authorizes a county treasurer to make the endorsement that was made in this case, so as to charge the county with the payment of interest. The case in 11 Harris 143 is not in conflict with the ruling in Dyer *v.* Covington Township.

The opinion of the court was delivered, June 29th 1865, by

THOMPSON, J.—This was a suit on what is commonly known as a county or treasury warrant, and the question raised is, whether the interest accrued to the plaintiff from the county on it, after refusal by the treasurer to pay the amount, because of want of funds in the treasury. In The Commonwealth *v.* The Commissioners of Philadelphia County, 4 S. & R. 126, this court refused a peremptory *mandamus* to compel the commissioners to draw a warrant for interest which had accrued on a former warrant after acceptance and before payment, saying; that "we believe the custom throughout the state has been not to pay interest, and these persons who deal with the commissioners understand that the time of payment depends on the state of the treasury."

I do not know but that this is too broad a proposition; it is true, however, I think in regard to these warrants or orders. I have known of their existence in great numbers at times in the western counties, but I never knew of interest being claimed on them on account of non-payment when demanded. In Dyer *v.* Covington Township, 7 Harris 200 this principle is clearly announced, and an unanswerable reason given for it. That was a case stated for the recovering of certain township orders, and, as in this case, the only question raised was, whether interest was recoverable, the suit being on the orders. It was said by Lowrie, J., in delivering the opinion of the court, if the holder "retains the orders (after refusal to pay), he shows an intention to take the chances of funds coming into the treasury, and to accept what alone the treasurer can pay, and that is the face of the orders. Where he sues upon the orders the same result follows. He claims in court what the treasurer would have paid on the orders, that is the principal without interest." This I think was a complete answer. It would embarrass county matters much, and complicate accounts greatly, if interest were demandable upon such orders. If the suit was on the original undertaking for which the order was drawn, as was said in that case, the court could decide whether it was a case for the allowance of interest or not. I see not how this case is distinguishable in principle from that. It was distinctly said in that

14 WR.—23

[Allison *v.* Juniata County.]

case, also, that an action does not lie on such paper, and in this I entirely concur. It is neither a bill, note, check, nor contract, nor is it a satisfaction of the original indebtedness, and the suit should ordinarily be on that. But we need not positively determine this now, as we think in this action interest was not recoverable.

The judgment is affirmed.