## East Union Township *versus* Ryan.

| 86 | 459 |
|---|---|
| 202 | 2443 |

| 86 | 459 |
|---|---|
| 20 SC 2 | 6 |

| 86 | 459 |
|---|---|
| 24 SC 2489 | |

1. A statute giving a new remedy or creating a new jurisdiction, or a private act conferring new and extraordinary special powers on particular persons, affecting the property of others, or exempting from a general burthen then imposed by law, should be strictly construed.

2. An Act of Assembly provided that certain commissioners should view and open a state road; that they should take an official oath; that the work should be let out to the lowest and best bidder; that the commissioners should draw warrants for the cost thereof on the township to be benefited; which latter were to raise the money by a special tax, out of which the expenses were to be paid. *Held,* that the warrants drawn by the commissioners were not negotiable instruments upon which the holder could bring suit in his own name. *Held further,* being made payable out of a special tax demand upon the township treasurer was necessary before suit brought. *Held further,* that before recovery could be had on these warrants, it must be first shown that the directions of the statute had been literally complied with.

March 20th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas of *Schuylkill county:* Of January Term, 1878. No. 267.

Assumpsit by Patrick Ryan against the township of East Union.

The declaration contained the common counts, together with a special count, which averred that under the provisions of the Act of April 7th 1873, commissioners were appointed to lay out a state road, to let the same to the lowest bidder, and to charge the expense thereof to the several townships through which the road was located; that said commissioners were authorized to draw warrants in favor of the contractors on the treasurer of said townships; that said commissioners laid out the road through East Union township, and let out the making of the same through said township to Andrew Comrey, who duly complied with his contract; that said commissioners issued their warrant in his favor for the work so done; and that said Comrey, for a valuable consideration, assigned said warrant to plaintiff, who had made demand of payment of the township treasurer and had been refused.

The following are, in substance, the material provisions of the

[East Union Township *v.* Ryan.]

Act of 1873.   It was made the duty of the commissioners under the act to subscribe an oath to perform their duty with fidelity ; to carefully view the ground on which the road shall pass, and lay out and make the same on the route agreed upon by them for the road ; to have accurate drafts made of the location of the road, noting the courses and distances as they occur, with such other matter as may serve for explanation ; to deposit a copy of the draft in the office of the clerk of Quarter Sessions of the several counties through which the road shall pass ; the commissioners, within thirty days of the filing of the drafts, to give public notice by handbills posted along the line of the road and other places contiguous thereto, that on a certain day and place they will receive proposals for the opening and making of the road.   The proposals to embrace either the whole or certain portions of the road ; the commissioners, at the time so appointed, to open the proposals and award the contract for opening the road, in whole or in portions, to the lowest and best bidder ; the contractors, within five days, to give bonds with sureties for the performance of the duties enjoined under the contract and specifications.   If the lowest bidder fails to file their bonds, the contract to be awarded to the next highest bidder that will conform to the requirements of the law ; the commissioners are " authorized and empowered to draw warrants in favor of the contractors on the treasurers of the several townships through which the road shall pass, for such sum as may be necessary to build or construct so much of said road as the relative length in such township may be to the entire length thereof."   And the several townships are authorized and empowered to levy and collect a special tax, not exceeding two mills in any one year, on the assessed valuation of such township.   Said tax shall be levied and collected at the same time and in like manner as other county and township rates and levies are made and collected. Said tax so collected, shall be applied only to the payment of the warrants hereinbefore mentioned.   The commissioners are " authorized and required to examine the said road as the work progresses, and draw warrants in payment thereof in proportion to the amount of work performed.   And no warrant shall be drawn until the work shall be approved by the commissioners."   If any contractor or contractors should fail to do their work in a good and workmanlike manner, the commissioners are authorized to relet such work at the expense of the original contractor ; the road to be commenced within thirty days after the award of the contract, and completed within one year, unless, in the opinion of the commissioners, it may be prudent and necessary to extend the time to two years.   A majority of the commissioners are authorized to carry out the intentions of the act.

At the trial the plaintiff gave in evidence the foregoing Act of Assembly, and then called Comrey, who testified that he was the contractor for that portion of the road in East Union township, and

[East Union Township *v.* Ryan.]

identified two warrants which he stated were issued to him by the commissioners named in the Act of Assembly, and which he had endorsed to plaintiff. These warrants, which were as follows, were then offered in evidence :

"No. 67.  Mahanoy City, June 1, 1874.
" To Henry Miller, Treasurer of the Township of East Union, in the County of Schuylkill, State of Pennsylvania.
"Pay to Andrew Comrey, or bearer, $200, and charge to the account of the State Road in the Counties of Schuylkill and Luzerne, authorized by Act of Assembly, approved April 7, 1873.
$200.                    WILLIAM H. BARLOW,
                            JNO. R. PORTER,
                            PHILIP HUNTZINGER,
                                    Commissioners."

"No. 68.  Mahanoy City, June 1, 1874.
" To Henry Miller, Treasurer of the Township of East Union, in the County of Schuylkill, State of Pennsylvania.
"Pay to Andrew Comrey, or bearer, $500, and charge to the account of the State Road in the counties of Schuylkill and Luzerne, authorized by Act of Assembly, approved April 7, 1873.
$500.                    WILLIAM H. BARLOW,
                            JNO. R. PORTER,
                            PHILIP HUNTZINGER,
                                    Commissioners."

The defendant objected to these warrants, because—

1st. The orders were issued to Andrew Comrey, not the plaintiff in this action, and are irrelevant in this issue.

2d. The condition precedent to the right to issue orders under the Act of Assembly of 7th October 1873, not having been shown, nor proposed, the evidence is incompetent for the purpose proposed, and is irrelevant and immaterial.

3d. If the orders were properly issued, the act provides a mode for the payment from a special fund to be raised for that purpose, and the remedy, if any, for the payment of orders properly issued by persons duly authorized and qualified to issue them, is by mandamus and not by suit.

The defendant offered no evidence, and moved for a nonsuit, which the court refused, and directed a verdict for plaintiff for the amount of the warrants without interest. The defendant took this writ, assigning, inter alia, for error, the admission of the warrants in evidence.

*Lin Bartholomew* and *Edward Owen Parry*, for plaintiff in error. —The Act of 1873 is a statute derogatory to private property, and must be construed strictly and not enlarged by intendment: Dwarris

[East Union Township *v.* Ryan.]

on Statues 750. When the law gives a special jurisdiction to any body of men, it must be strictly construed : Wistar *v.* Kammerer, 2 Yeates 100 ; Marshall *v.* Ford, 1 Id. 195 ; Young *v.* Martin, 2 Id. 312 ; Blair *v.* Caldwell, 3 Id. 284 ; Cromwell *v.* McCalmont, 1 S. & R. 126 ; Blair *v.* Waggoner, 2 Id. 472 ; Waln *v.* Shearman, 8 Id. 357 ; Birch *v.* Fisher, 13 Id. 208 ; Peters *v.* Heasley, 10 Watts 210 ; Hoffman *v.* Bell, 11 P. F. Smith 444.

It should have been shown that all the acts required by the statute were performed prior to the issue of the warrants : Kennedy *v.* Board of Health, 2 Barr 366. The suit should have been brought on the original claim, and not on the warrants, and demand must be made before an action lies : Allison *v.* Juniata Co., 14 Wright 351 ; Luzerne County *v.* Day, 23 P. F. Smith 143. Being made payable out of a particular fund, the warrants were not negotiable, and do not, *per se*, import consideration : 1 Daniels on Negotiable Instruments. If a suit cannot be maintained against the township for orders payable out of the fund raised by the special tax until the special tax is levied and collected, it would seem that a mandamus would be the proper remedy for a contractor to enforce the payment by the township for work done under the contract : 2 Dillon on Corp., sect. 118 ; People *v.* Mead, 24 N. Y. 118.

*John W. Ryon* and *James Ryon*, for defendant in error.—If the suit was erroneously brought in the name of the equitable plaintiff, it was amendable at any time even in this court : Barnhill *v.* Haigh, 3 P. F. Smith 165 ; Heidelberg School District *v.* Horst, 12 Id. 307 ; Schryock *et al. v.* Basehore, 1 Norris 159. The warrants were an acknowledgment of debt by proper officers for work done under contract, and proof of consideration was not necessary : Dyer *v.* Covington Township, 7 Harris 200 ; Pitt Township *v.* Leech, 2 Jones 33 ; City *v.* Burgin, 14 Wright 539 ; Thompson *v.* Commonwealth, 31 P. F. Smith 320 ; Neale *v.* Overseers, 5 Watts 538. These warrants did not require a demand before suit brought : Commonwealth, *ex rel.* Hamilton, *v.* Pittsburgh, 10 Casey 512 ; Commonwealth, *ex rel.* Middleton, *v.* Allegheny Co., 1 Wright 246. Mandamus will not lie until after judgment : Hester's Case, 2 W. & S. 416.

Mr. Justice WOODWARD delivered the opinion of the court, May 6th 1878.

It was a fatal objection to the admissibility of the warrants of the state road commissioners, that they were drawn in favor of Andrew Comrey, while Patrick Ryan was the plaintiff in the action. It is true they were made payable to Comrey, "or bearer," but that did not give them any of the qualities of commercial paper. In Reeside *v.* Knox, 2 Whart. 233, it was decided that a draft by a mail contractor, payable to his own order, on the postmaster-gen-

eral, was not a negotiable bill of exchange, so as to entitle a holder to sue in his own name. It was said in the opinion of the court that an indispensable element in the constitution of negotiable instruments is an absolute and entire freedom from contingency of payment depending on the happening of an event, or the solvency of a fund. Where a defendant had been convicted of the larceny of a county order, the judgment was reversed because the instrument was not within the terms of the Act of the 5th of April 1790, making it a felony to steal "obligations, or bonds, bills obligatory, bills of exchange, promissory notes for the payment of money, lottery tickets, paper bills of credit, or certificates granted by or under the authority of this Commonwealth, or of all or any of the United States of America." Warner v. The Commonwealth, 1 Barr 154. Orders drawn by supervisors on a township treasurer, "payable out of moneys arising from road taxes," are not bills of exchange, nor contracts of any kind, and in a suit on them interest is not recoverable: Dyer v. Covington Township, 7 Harris 200. The holder of a county warrant or order cannot recover interest after demand and non-payment for want of funds. Such a warrant is not a bill, note, check or contract, nor is it a satisfaction of the original indebtedness: Allison v. Juniata County, 14 Wright 351. In that case an opinion was strongly intimated by Judge THOMPSON that an action would not lie on such a paper, but there was nothing to call for a decision of that question. In the First National Bank of Northumberland v. The Rush School District, 2 W. N. C. 471, the plaintiffs gave in evidence an order signed by the president and secretary of the school board on the treasurer of the school district, in favor of Abel Marcy, and proved Marcy's endorsement. A nonsuit was ordered by the Common Pleas, and the judgment was affirmed.

While the point was not distinctly made at the trial, it sufficiently appears that the verdict was obtained without any proof whatever of demand on the township treasurer. It is not necessary for the purposes of this cause to attempt an analysis of the cases in which the rule of Luzerne County v. Day, 11 Harris 143, has been followed, overlooked or disregarded. The commissioners of this state road were appointed by a special Act of Assembly. Forming no part of the pervading governmental system of the Commonwealth, responsible to no existing constituency, and controlled by none of the restraints or limitations, and subject to none of the penalties by which the faithful performance of the duties of ordinary municipal officers are secured, these gentlemen were clothed by the legislature of 1873 with power to appropriate private property for the uses of a highway, to enter into contracts for opening and making it, to take bonds from contractors, to decide finally and without appeal on the character of the work done, and to draw warrants on the treasurers of the townships through which

[East Union Township *v.* Ryan.]

the road should be laid for their respective proportions of the cost of construction.    No supervision or control over the work—no participation in it even—was allowed to the township authorities.    They were to have no part in settling prices or selecting contractors ; no inspection of the road by them during its progress or at its completion was authorized; they had no power to inquire whether the entire expenses were equitably apportioned or not; no provision for auditing accounts was made; no limit of expenditure was fixed, and no notice even of the number of warrants to be drawn on the treasurer of any township, or of the amounts to be drawn for, was prescribed.    The townships were simply to pay.    Done well or ill, the cost of the work, as adjusted by the commissioners, was provided to be met by a special tax in addition to the current burdens of the municipalities.    Under such a statute, before they should become liable to be harassed by a lawsuit, it would seem just that the township officers should be afforded the opportunity at least of ascertaining the weight of the load they were to be called upon to bear.    The construction of this highway was to be paid for out of a designated fund, to consist of a tax of two per cent. on the assessed valuation of the property of each township.    The treasurer had no authority to appropriate to the payment of the warrants of the commissioners any moneys outside of the fund to be thus raised.    Some reasonable notice by the holders of those warrants, conveyed by a demand of payment or in some other form, was requisite in order to fasten a liability upon the township officers. An action for the recovery of the amount of any warrant could only be maintained against them after such notice, and after the lapse of such a period of time as would enable them to collect this tax " at the same time," in the language of the act, " and in like manner as other county and township rates and levies are made and collected." These warrants could only be payable after such presentation as would give opportunity to provide the fund exclusively dedicated to their liquidation.

On other grounds this judgment is unsustainable.    The evidence consisted of the Act of Assembly of the 7th of April 1873; of the two warrants; of the testimony of Andrew Comrey that he was the contractor for the East Union portion of the road, and that he had endorsed the two warrants in suit, which he identified; and of the testimony of Patrick Ryan, the plaintiff, that he was the owner of the warrants; that he had worked for Comrey on the state road, and had taken the warrants in payment, and that Barlow, Porter and Huntzinger were the commissioners in charge of the road.    The statute required the commissioners to make oath or affirmation before entering on their duties, that they would discharge them with fidelity and impartiality.    Compliance with this direction was not even alleged in the declaration.    The work was to be done under contracts.    No contract was shown,

[East Union Township *v.* Ryan.]

and it was not proved that the road was built. The fifth section contained this provision: "The said commissioners are hereby authorized and required to examine said road as the work progresses, and draw warrants in payment thereof in proportion to the amount of work performed, and no warrant shall be drawn until the work shall be approved by said commissioners." It has been argued that their examination and approval are necessarily to be implied from the fact that they signed the warrants. But they formed, for the purposes of this highway, not only a new board of administrative officers, but a new tribunal with judicial attributes. A jurisdiction was conferred on them that was in derogation of the common law, and in conflict with the general statutes regulating individual and municipal rights. The act was as novel as it was special. It placed the property of entire communities under the discretionary authority of the commissioners, without security or responsibility for its exercise. Rights asserted under the powers they wielded ought to be affirmatively made out, and their action should be held subject to strict scrutiny. Before the holder of their warrants can recover a verdict he must show that the prescribed statutory steps have been duly taken, and the prescribed statutory duties literally fulfilled. The whole current of authority has pursued one direction in holding proceedings under enactments like this to rigorous account. A statute which gives a new remedy by summary proceedings, or other deviations from the ancient constitution, ought not to receive a liberal construction: Pool *v.* Neel, 2 Sid. 63. A statute creating a new jurisdiction ought to be construed strictly: 10 Rep. 75. Private acts of parliament, conferring new and extraordinary powers of a special nature upon particular persons, affecting the property of individuals, or giving exemption from a general burden attaching by law upon all parties, should receive a strict interpretation: Rex *v.* Croke, 1 Cowp. 26. In that case, which arose under an act for making a road from Blackfriar's Bridge across St. George's Field, Lord Mansfield held the corporation of the city of London, in exercising the powers given them, to rigid compliance with the terms of the act in the minutest details. Marshall's Lessee *v.* Ford, 1 Yeates 195, was an ejectment by a purchaser at a sheriff's sale under a mortgage to the trustees of the loan office, and a precept from one of the trustees. The question was as to the necessity for the production in evidence of the precept and a certified copy of the mortgage, as well as the sheriff's deed. The court said: "The summary remedy given under the loan office acts requires a minute and strict investigation. The mortgage is *instar judicii*, and must, with the precept, be produced as the basis on which the sale rests." "It has been truly said that where the law gives a special jurisdiction to any body of men, it must be strictly pursued. Courts of justice are bound to watch their conduct narrowly, and investigate it minutely:" Wistar's

5 Norris—30

[East Union Township *v.* Ryan.]

Lessee *v.* Kammerer, 2 Yeates 100. Watt's Lessee *v.* Gilmore, 2 Yeates 330, was one of a flood of cases illustrating the exact fidelity with which every act, every document and every advertisement connected with a sale of land for taxes before the passage of the Act of 1815, was required to be re-produced. In all actions in which a bankruptcy comes in question, unless otherwise provided by statute, it is necessary to go·through all the steps before entered into by the commissioners: Pleasants *v.* Meng, 1 Dall. 383. And in almost every instance of local, limited and exceptional jurisdiction, the same rule applies. In order to sustain this action, it must appear that the directions of the act have been pursued. It does not follow that the commissioners were sworn because the law prescribed an oath. The provision that they should examine and approve the work was an injunction on them to investigate, deliberate and judge. The fact that the warrants were signed and delivered cannot be taken to imply that they performed that duty, or that a contract was ever made, or that the road has ever been constructed. All that was shown on the trial was, that the Act of Assembly had been passed, and that the commissioners named in it had issued their warrants on the treasurer of the township of East Union in favor of Andrew Comrey for seven hundred dollars. Compared with what was proved, the margin that was taken for granted was too large.

Judgment reversed, and a. *venire facias de novo* awarded.