## TOWNSHIP OF SNYDER v. BOVAIRD.

ERROR TO THE COURT OF COMMON PLEAS OF JEFFERSON COUNTY.

Argued October 3, 1888—Decided October 22, 1888.

1. A township order is not such a negotiable instrument that a holder of it may sue thereon in his own name: Nor will such an instrument bear interest, although under certain circumstances interest may be recovered in a suit on the original indebtedness.
2. Supervisors have no power to take up a township order, issued by the auditors, and in lieu thereof issue another by themselves which will be binding upon the township, and such substituted order will not affect the bar of the statute of limitations upon the original.

Before GORDON, C. J., PAXSON, STERRETT, CLARK, WILLIAMS and HAND, JJ.; GREEN, J., absent.

No. 132 October Term 1888, Sup. Ct.; court below, No. 104 May Term 1887, C. P.

On March 24, 1887, an appeal was filed by the defendant from the judgment of a justice of the peace in favor of Charles Bovaird and Benj. Shaw, for use of Charles Bovaird, against the township of Snyder. On April 16th, a narr was filed, in the first count declaring specially upon the following township order:

$132.72.                                                    No. 4.

Brockwayville, June 15, 1885. Supervisors of Snyder township: Pay Charles Bovaird one hundred and thirty-three dollars and seventy-two cents, for old order returned. [Signed by the supervisors.]

The common counts followed, and with the narr were filed copies of the foregoing order and of order No. 15 following hereafter.

The defendant pleaded, non assumpsit, non assumpsit infra sex annos, payment with leave, etc.

When the case was called for trial, on September 6, 1887, on motion of plaintiff the record was amended by striking out the words, "and Benj. Shaw, for the use of Charles Bovaird."

At a second trial on May 14, 1888, it appeared, substantially, that on March 14, 1881, the accounts of R. K. Morey, one of the township supervisors for the preceding year, were settled by the township auditors and the following order given him:

$106.57.                                                    No. 15.

Brockwayville, Pa., March 14, 1881. The supervisors of Snyder township will receive this order from R. K. Morey or bearer for the sum of $106.57. [Signed by the auditors.]

The day this order was received, Mr. Morey presented it to James McMinn, one of the newly elected supervisors, for payment. Payment being refused for want of funds, a memorandum was indorsed on the order, as follows: "March 14, 1881, presented to the supervisors. [Signed] James McMinn." Afterward, the same year, Mr. Morey transferred the order in the regular way of business to Charles Bovaird, having first endorsed thereon: "I assign the within order to the bearer." Mr. Bovaird made several unsuccessful demands for payment of the order, and held it until June 15, 1885, when it was presented, after notice published by the supervisors calling for the presentation of outstanding orders, and was taken up and the order of that date declared upon delivered.

In the course of the trial, R. K. Morey proved the order of March 14, 1881, and its consideration, when the plaintiff offered the order and the indorsements thereon as evidence of the amount of the indebtedness and the date of presentation and demand upon James McMinn.

The offer was objected to by the defendant, on the ground, inter alia, that the order was not negotiable.

By the court: The objection is overruled and the testimony is admitted for the purposes stated, and to show a liquidation by the township auditors of the indebtedness to the legal plaintiff.[1]

Afterwards the plaintiff offered order No. 4, dated June 15, 1885.

The offer was objected to for the reason that the plaintiff's claim, or R. K. Morey's claim, against the township, had been examined and adjusted by the auditors, duly appointed for that year and the year in which it accrued, and no supervisors elected for any subsequent year could take cognizance of it for any purpose except payment.

Charge of Court below.

By the court: It is received for the purpose heretofore stated in regard to the original order, as corroborating the fact of indebtedness, not to show a substantive claim.[2]

The court, WILSON, P. J., after referring to the evidence, instructed the jury:

[The question of whether the legal or the equitable plaintiff is entitled to recover is not material in this action. The legal plaintiff was R. K. Morey; by virtue of his assignment the order passed to the ownership of Charles Bovaird, who is known as the equitable plaintiff. Where an equitable plaintiff seeks to recover from a defendant a claim which the defendant alleges has been paid to another, it is the duty of the defendant upon the trial to establish by a preponderance of evidence that the legal plaintiff has already been paid; and in the absence of such evidence introduced before the court and jury, it is immaterial in this action whether the township should pay Charles Bovaird or whether it should pay R. K. Morey.][3] In case of any conflict of that kind arising, there is a way to dispose of it, so that the township will not be compelled to pay the indebtedness twice.

There seems to be no dispute as to the amount of this indebtedness, that is, that it was one hundred and six dollars and fifty-seven cents, and that the debt was due and payable on March 14, 1881.

The defendant sets up what may be termed a technical defence, and alleges, among other things, that a supervisor cannot sue the township, and that the present plaintiff cannot recover, because the debt was not assignable, after it was merged in the order, and that the township order, as such, can not be sued on; and further, that the claim is barred by the statute of limitations, and that no interest can be allowed on this claim.

[If the jury find from a preponderance of the evidence that the township of Snyder, on March 14, 1881, was indebted to R. K. Morey in the sum of one hundred and six dollars and fifty-seven cents; that he afterwards made a demand of the proper officers of that township for the payment of this indebtedness to him, and that payment was refused, then the plaintiff in this action, under the circumstances proved on the trial, is entitled to recover from the township the amount of this in-

debtedness, together with interest from the date of such demand.] [4] As has already been stated by the plaintiff's counsel, the orders are not introduced as substantive evidence, on which to base a recovery, and the only material thing in their introduction is probably to establish ownership of this debt in the present equitable plaintiff, Charles Bovaird, because it seems to be undisputed that March 14, 1881, was the time when this settlement was made and a demand made, and that this suit was brought within six years from that date.

The plaintiff's counsel requested us in a point to charge you that this subsequent delivery of an order and taking up of the original one, estopped the defendant from denying that this indebtedness was adjusted. We think that is not in the case.

The plaintiff's counsel ask us to instruct you:

1. That if the township of Snyder owed this original indebtedness, and the same remains unsatisfied, and payment has been unduly delayed, the plaintiff, in addition to the principal sum, would be entitled to the interest thereon from the time payment was first demanded by R. K. Morey.

Answer: Affirmed.[5]

(Second point of plaintiff withdrawn.)

The defendant's counsel request the court to instruct the jury that under the pleadings and the evidence in this case the plaintiff cannot recover, and the verdict of the jury must be for the defendant.

Answer: That point is refused.[6]

The plaintiff claims, by his statement, that this original indebtedness was one hundred and six dollars and fifty-seven cents, and he claims interest from March 14, 1881, to the present time, forty-five dollars and eighty-two cents, making the amount due him at this time one hundred and fifty-two dollars and thirty-nine cents. His counsel ask to have the orders which were offered in evidence, sent out with you; however, they do not have very much bearing on the case.

The jury returned a verdict in favor of the plaintiff for $152.40.

Judgment was then entered upon the verdict, when the defendant took this writ and assigned as error:

1. The admission of plaintiff's offer.[1]

2. The admission of plaintiff's offer.[2]

3, 4. The parts of the charge embraced in [ ][3] [4]

5. The answer to plaintiff's point.[5]

6. The answer to defendant's point.[6]

*Mr. Cadmus Z. Gordon*, for the plaintiff in error:

1. When the holder of a township order retains the same in his possession, he thereby signifies his intention to take the chance of funds coming into the treasury, and to accept what alone the treasurer can pay, that is, principal without interest, and in an action for the amount of the order interest is not recoverable: Dyer v. Covington Tp., 19 Pa. 200; Allison v. Juniata County, 50 Pa. 351; Commonwealth v. Commissioners of Philadelphia Co., 4 S. & R. 125; Mahanoy Tp. v. Comry, 103 Pa. 363.

2. Supervisors have no power to bind the township by an admission by them of an indebtedness created some years prior to their term of office, especially when that indebtedness has been acted upon by the proper board of auditors. The jurisdiction of township auditors extends only to the accounts of the township for the preceding year, and, therefore, no act of theirs in relation to the accounts of previous supervisors has any validity, nor can it be given in evidence in an action against the township: Leasure v. Mahoning Tp., 8 W. 551. If then, the auditors in office in 1885 had no power over this claim, how could the act of the supervisors affect it?

3. An action cannot be maintained on a township order. This point has been ruled so often, that it is sufficient to cite: Warner v. Commonwealth, 1 Pa. 154; Dyer v. Covington Tp., 19 Pa. 200; Sidle v. Anderson, 45 Pa. 464; Allison v. Juniata Co., 50 Pa. 351; Port Royal v. Graham, 84 Pa. 426; First N. Bank v. Rush Sch. D., 81* Pa. 307; East Union Tp. v. Ryan, 86 Pa. 459.

4. A township order is not negotiable, and the mere blank assignment thereof does not vest in the holder the right to maintain an action in his own name against the township for the amount of the order: Warner v. Commonwealth, 1 Pa. 154; Reeside v. Knox, 2 Wh. 233; Allison v. Juniata Co., 50 Pa. 351; Dyer v. Covington Tp., 19 Pa. 200; First N. Bank v. Rush Sch. D., 81* Pa. 307; East Union Tp. v. Ryan, 86 Pa.

459. But the most forcible reason of all why Bovaird may not sustain his action is,

5. R. K. Morey, the so-called legal plaintiff, already had an adjudication or judgment in his favor and against the township for the amount due him, with ample remedies to enforce payment thereof; and neither he nor anyone claiming under him can maintain an action in any court on the same claim: §§ 50, 51, 52, 91, 102, 103, 104, 105, act of April 15, 1834, P. L. 537; act of April 24, 1874, P. L. 112; § 7, act of February 28, 1835, P. L. 46 ; Commonwealth v. Johnson, 2 Binn. 275; Williamsport v. Commonwealth, 90 Pa. 498. Thus a special tribunal has been created, with all necessary judicial powers to determine the indebtedness from and to the supervisor, with ample remedies to enforce collection.   In such case the provisions of § 13, act of March 21, 1806, 4 Sm. L. 332, apply, and this section is made perpetual by § 28, act of March 20, 1810, 5 Sm. L. 139.   Every other remedy, except the appeal provided by the act of 1834, is excluded: Blackmore v. Allegheny Co., 51 Pa. 160; Northampton Co. v. Herman, 119 Pa. 373.

*Mr. W. F. Stewart,* for the defendant in error :

1. We answer the first and third points of the defendant by saying that the suit was not brought on a township order. Our offers before the jury are the best evidence of what we claimed under the common counts in assumpsit.   As to the second point made, we are not demanding interest because it was added in the order of 1885, but because we are entitled to it on the original debt.   So far as the fifth proposition is concerned, there was no attack made on the auditors' settlement, nor was anything proceeded for that could have been remedied by an appeal.

2. As to the third specification of error, there was an entire absence of evidence rendering any contest as to the legal and equitable plaintiff in the least degree material.   In the next sentence of the charge after the part copied, the court said: " In case of any conflict of that kind arising, there is a way to dispose of it."   The contest, therefore, is narrowed down to one question : should the plaintiff recover interest?   The first offer was to show liquidation and demand.   The offer of the

renewal order was for the same purpose, and to show an ad-- mission to take away the defence of the statute of limitations. They were offered as corroborative evidence, not to prove a substantive claim. The rulings of the court as to the matter of interest are founded on common sense and supported by the decisions of this court: Dyer v. Covington Tp., 19 Pa. 200, 201; 1 Dillon on Mun. Corp., 487, § 506.

3. As to the sixth specification, the court could not have affirmed the point, for there was no dispute as to our right to recover the principal.

OPINION, MR. JUSTICE PAXSON:

There are numerous authorities which hold that a township order is not such a negotiable instrument that the holder there-of may bring a suit thereon in his own name. Nor will such an instrument bear interest. If the payment of a debt due by the township be unreasonably delayed, interest thereon may be recovered under certain circumstances in a suit on the original indebtedness: Reeside v. Knox, 2 Wh. 233; Warner v. Commonwealth, 1 Pa. 154; Dyer v. Covington Township, 19 Pa. 200; Allison v. Juniata County, 50 Pa. 351; East Union Township v. Ryan, 86 Pa. 459.

The plaintiff below contended, however, that the suit was not brought on the order, but on the original indebtedness. The declaration shows that the order was specially declared upon. It is true the common counts in assumpsit were added, but there was no evidence upon which any of them could have been sustained. The only evidence which the plaintiff produced of any claim against the township was this order in favor of R. K. Morey, issued by the supervisors. Morey subse-quently assigned this order to Charles Bovaird, the plaintiff. Some years afterwards Bovaird presented this order to the then supervisors, who took it up by giving him a new order in his own name, adding interest. Bovaird subsequently brought this suit, and upon the trial below offered the order in evidence. The order was objected to, and the objection was overruled by the court, the learned judge, however, qualifying his admission by saying that it was received as "corroborating the fact of indebtedness, not to show a substantive claim."

The indebtedness referred to was an indebtedness of the

township to R. K. Morey.    This indebtedness was established by the settlement of the township auditors, and at the time of this suit was barred by the statute of limitations.    There was no indebtedness on the part of the township to Bovaird, excepting as regards this order, and there was no evidence of any. Nor had the supervisors any right to take up the old certificate given by former supervisors to Morey, and issue a new one to Bovaird.    It was no part of their duty.    If the township owed Morey, it was their duty to pay him if they had the money; and, if not, to levy and collect a tax for that purpose.    While the order was not received by the court to show a substantive claim, yet it was the only evidence of any claim on the part of Bovaird.    Moreover, its effect was to toll the statute, and permit a recovery on the part of the plaintiff.

All of the assignments of error are sustained.    The defendant was entitled to a binding instruction in its favor.

Judgment reversed.