## Commonwealth ex rel. *v.* Sholtis, Appellant.

*Boroughs—Order to pay money—Defense.*

An order to pay money out of the general funds of a borough, signed by the president and clerk of the borough council and directed to the borough treasurer, is not a paper upon which suit may be brought, being neither a bill, note, check nor contract; and it is not a satisfaction of the original indebtedness. Against such an order the borough may set up the defense of ultra vires or fraud, or want or failure of consideration.

Argued Jan. 15, 1904. Appeal, No. 78, Jan. T., 1904, by defendant, from order of C. P. Luzerne Co., Oct. T., 1903, No. 2, awarding mandamus in case of Commonwealth ex rel.

P. A. McLaughlin v. Andrew Sholtis.    Before RICE, P. J.,
BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDER-
SON, JJ.    Reversed.

Petition for mandamus.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order awarding peremptory writ of
mandamus.

*Frank A. McGuigan*, for appellant.—The relator's warrant
was not drawn on any special fund, but on the general fund of
the borough.    When issued the order was merely the evidence
of a debt, for the recovery of which the relator has an ade-
quate remedy at law : Com. ex rel. Penna. Globe Gas Light
Co. v. Buchanan, 6 Kulp, 217.

*B. W. Davis*, for appellee.—Appellee claims mandamus to be
proper remedy to compel the borough treasurer to pay an order
of a borough duly signed by its officers and under its corporate
seal : Com. ex rel. v. Diamond Nat. Bank, 9 Pa. Superior Ct.
118.

A mere allegation on the part of respondent that the amount
evidenced by the order is not due relator is not sufficient;
facts must appear in the return from which the court may de-
termine that the debt is not due, or at least that it is doubtful
whether it be due : Commonwealth ex rel. v. City of Pittsburg,
34 Pa. 496 ; Com. ex rel. v. Hawk, 7 Lack. Legal News, 125 ;
Com. ex rel. v. Philadelphia, 176 Pa. 588.

OPINION BY ORLADY, J., March 14, 1904 :

An order, dated December 11, 1902, signed by the president
and clerk of the council of the borough of Swoyersville, and
directed to the treasurer, was issued to P. A. McLaughlin,
M. D., who in March, 1903, presented it to the treasurer for
payment and was refused.    A petition for a mandamus was
filed, and after a hearing on petition, answer, and demurrer, the
court directed the writ to issue as prayed for.    The answer filed
specifically states that when the respondent assumed the duties
of his office on March 1, 1903, he was notified by the retiring

and also by the incoming chief burgess that the order drawn in favor of Dr. P. A. McLaughlin was illegal and void; that the amount was not due him; that the borough council, on January 7, 1903, had reconsidered its action of December 11, 1902, ordering a warrant to be drawn in favor of Dr. P. A. McLaughlin for $1,231, and had directed the chief executive officers of the borough to notify the treasurer not to pay the order. The respondent's first and fourth reasons for refusing to pay the order are disposed of in Douglass v. McLean, and are filed herewith, hence it is not necessary to repeat them. The appellee contends that inasmuch as the respondent does not deny the allegations in the petition, and as the order was regular on its face, signed and sealed by the proper officers, the borough council could not revoke it subsequently and thereby justify the treasurer in refusing to pay it. Although the order was sufficient in form to justify the treasurer in paying, it was subject to the defense made by the treasurer: Com. v. Diamond Nat. Bank, 9 Pa. Superior Ct. 118. It was not drawn upon or against any particular fund, but was an order to the treasurer to pay out of the general funds of the borough. Such a warrant or order is the means prescribed by law for drawing money to pay the debts of a corporation.

While it was a formal acknowledgment by the duly constituted authorities, that, at the time of its date, the sum named was due and payable to Dr. McLaughlin, it has been held that an action does not lie on such a paper; that it is neither a bill, note, check nor contract; nor is it a satisfaction of the original indebtedness; nor a negotiable instrument upon which the holder may sue in his own name: Dyer v. Covington Township, 19 Pa. 200; Allison v. Juniata County, 50 Pa. 351; East Union Township v. Ryan, 86 Pa. 459; Maneval v. Jackson Township, 141 Pa. 426. The allowance of a claim by granting an order therefor is not a final and conclusive adjudication so as to conclude the municipality, but it may set up the defense of ultra vires, or fraud, or want or failure of consideration: 1 Dillon on Mun. Corps, section 504. Even a defense of the statute of limitations cannot be rendered ineffective by taking up an outlawed order and issuing a new one in its stead: Snyder Township v. Bovaird, 122 Pa. 442. The facts set forth in the second and third paragraphs of the answer justified the treasurer in refus-

ing to pay, and their truth or falsity, as well as their legal effect, should be legally determined before a final order is made requiring the borough to pay.    While the treasurer makes the defense it is wholly founded, so far as this opinion treats of it, upon the notice of want of consideration and the council's revocation of the order prior to its presentation for payment and is clearly within the illustration suggested in Commonwealth v. Philadelphia, 176 Pa. 588, to wit: "Had the board of education at any time indicated that there was a defense to the claim, it is clear that there could be no remedy by mandamus, but only by suit prosecuted to judgment in the ordinary course of law."    See also Com. v. Buchanan, 6 Kulp, 217.

The judgment is reversed.