# CHARLES MANEVAL v. JACKSON TP.

**APPEAL BY HENRY ANTIS, ON BEHALF OF DEFENDANT, FROM THE COURT OF COMMON PLEAS OF LYCOMING COUNTY.**

Argued March 16, 1891—Decided April 13, 1891.
[To be reported.]

1. It is only where a judgment is entered upon a warrant of attorney, or judgment note, that the act of April 4, 1877, P. L. 53, gives the right to an appeal from a refusal to open it; when judgment is confessed in an adverse proceeding, its opening is in the discretion of the Court of Common Pleas, and on its refusal to open no appeal lies to the Supreme Court.

2. Where suit is brought against a township, the supervisors are not bound to subject the township to costs if they have no defence; knowing the claim to be just, they may properly confess a judgment therefor, and such judgment will not be stricken off, even on the petition of a taxpayer, for a mere technicality not affecting the merits.

3. The objection that no action will lie upon a township order, and that suit should be brought upon the debt for which the order was given, is merely technical. Whether such objection would be fatal, if set up by the township, not decided; a taxpayer, however, has no standing to raise it on a petition to strike off a judgment confessed by the supervisors.

4. Township supervisors have no general power to borrow money; nor any implied power so to do, except when its exercise is necessary to enable them to perform their duties. So, while ordinarily they cannot borrow for the repair of roads, they may do so upon an extraordinary emergency, as when they cannot otherwise repair roads and bridges destroyed by floods.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 220 July Term 1890, Sup. Ct.; court below, No. 469 June Term 1890, C. P.

On May 6, 1890, Charles Maneval brought assumpsit against the township of Jackson, filing as a statement of the plaintiff's demand a copy of a township order, as follows:

Statement of Facts.

COPY OF CLAIM.

No. 59.                    JACKSON TOWNSHIP, PA., Sept. 24, 1889.
    Mr. R. H. Loudenschlager,

Treasurer of Jackson Township:

Pay to Charles Maneval or bearer, six hundred dollars, on account of borrowed money, with lawful interest, and this shall be your sufficient voucher on settlement.

| JOHN BOWER, | JOHN B. YODER | |
|---|---|---|
| Town Clerk. | SAML. SECHRIST | Supervisors. |

Appended thereto was an affidavit of the plaintiff, averring " that the above is a correct copy of the plaintiff's claim upon which this suit is brought, and that the same is due and remains unpaid." On the same day, by paper filed, John B. Yoder and Isaac Miller, supervisors of the township of Jackson, appeared and confessed judgment in favor of the plaintiff and against said defendant, for $600.

On May 23, 1890, Henry Antis filed his petition, as a taxpayer of Jackson township, praying for leave to come into court, inquire into the validity of the judgment aforesaid, and defend against the same on behalf of said township;* and an order was made granting the prayer of the petition. Thereupon, the petitioner filed a second petition, averring that the defendant township had a good defence to the action, the nature and character of which were : That the supervisors had no authority to give to the plaintiff the order on which the suit was brought, or to borrow the money for which the order purported to have been given, and that said order was null and void and of no binding validity against the township, " all of which and more " the petitioner was prepared to prove ; that the supervisors had no power and authority to confess the judgment, and that said judgment was confessed and entered for the purpose and with the intent to cheat and defraud said township out of the sum of $600. The court thereupon granted a rule upon the plaintiff to show cause why the judgment should not be opened, and the petitioner permitted to defend against the same.

As an answer to the rule, the plaintiff filed the affidavits of himself and of the supervisors by whom the order was given to him, averring in substance that the judgment was obtained

---

* See act of March 23, 1877, P. L. 20.

Opinion of Court below.

upon a loan of $600 made by the plaintiff to the defendant township, for the purpose of making and repairing public roads and bridges in the township; that an unprecedented flood, on June 1, 1889, had destroyed almost all the public bridges in Jackson township, being over thirty in number and many of them from 24 to 50 feet in length, and so washed and obstructed the public roads as to render travel thereon an impossibility; that the whole amount of tax the supervisors were authorized by law to levy and collect for road purposes was exhausted in the repair of said roads and bridges, but the same yet remained unfinished .and many of them in an impassable condition; that the supervisors were prosecuted for neglect of public duty in not repairing said roads, and threatened with further prosecutions therefor, and being unable to procure men to work.on said roads and bridges, without having the means at hand to pay for such work in money, they were obliged to borrow for the township the said sum of $600 from the plaintiff; that said sum was at once paid upon its receipt from the plaintiff to the treasurer of the township, and the whole thereof was applied in payment for labor and materials necessary for the repair of said roads and bridges; and that judgment was confessed in this action for said sum of $600, for the purpose of saving costs to the said township.

After hearing, upon the petition and answer, the court, METZGER, P. J., on July 12, 1890, delivered an opinion in part as follows:

The petition does not state the purpose for which the money was borrowed, nor the use to which it was applied by the supervisors of said township. If no other facts appeared in the case than those alleged in the petition, it would be very doubtful whether the judgment or the claim of the plaintiff against Jackson township could be sustained. We are satisfied that the officers of a municipal corporation cannot confess a judgment against such municipality for any debt which they had no authority to contract; and we are of opinion, that as a general rule, they cannot make the municipality liable for borrowed money. But the plaintiff in this case has filed an answer to which he has attached and made a part thereof the affidavits of the supervisors themselves. In the absence of any

Opinion of Court below.

evidence to the contrary, or any counter affidavits, we feel bound to regard the facts as stated in the answer to be admitted in this case.

—After reciting the facts disclosed by the answer, the court continued:

We think it follows from the facts before us, that the borrowing of this money was an imperative necessity.

It is contended on the part of the petitioner, that the supervisors under no circumstances had authority to borrow money. We concede that there is no express authority for them to do so. Our statutes seem to contemplate that the expense of the ordinary municipal powers shall be met by the revenues derived year by year from taxation. But they cannot in any one year lay an assessment exceeding one cent on the dollar for the purpose of meeting these expenses, and they cannot lay an additional assessment, except for the purpose of paying any just debt due a former overseer or supervisor. Yet our statute enjoins and requires them to open, and constantly keep in repair, all public highways, making sufficient causeways on marshy and swampy ground, and bridges over small creeks and rivulets.

True, it gives them the right to purchase, at the expense of the township, all necessary materials, and employ and direct a sufficient number of laborers. Ordinarily the power to pledge the credit of the township, for the purposes aforesaid, is sufficient, and in ordinary cases the supervisors should not be permitted to go beyond the express power given by the statutes. But what is to be done in an emergency such as arose in the case now before us, where the supervisors could not procure the labor in the ordinary way, and could not possibly perform the duties required of them by statute, and yet were under arrest and liable to be fined and imprisoned for neglecting to perform such duties? Surely, in such case, the power to borrow money for the purpose seems to us to be necessarily implied.

The act of assembly not only authorizes the supervisors to repair the roads and build the bridges, but makes it their imperative duty to do so, and subjects them to fine and imprisonment for neglecting to keep the roads and bridges in a safe and passable condition. To execute this power and perform

this duty, money is a necessary means, and could only be obtained in this case by borrowing it. The power to do so under the circumstances is necessarily implied, and passes as an incident to the execution of the general powers given and the performance of the duties required of the supervisors by our statutes. The Supreme Court of Wisconsin in the case of Mills v. Gleason, 11 Wis. 470 (78 Am. Dec. 721), held: " When the charter of a municipal corporation confers the power to purchase fire apparatus, cemetery grounds, to establish markets, and do many other things for the execution of which money would be a necessary means, it also, in the absence of any positive restriction, confers the power to borrow money as an incident to the execution of these general powers." This principle we would not apply to the case of townships, except when the powers cannot be executed, or the duties enjoined on the supervisors performed, without a resort to this means to raise the requisite funds. . . . . .

—Distinguishing Union Tp. v. Gibboney, 94 Pa. 534, and Gibson v. Poor Dist., 122 Pa. 557, cited by counsel of the petitioner upon the question of the power of the supervisors to borrow money; and citing Gere v. Supervisors, 7 How. Pr. 237, and Freeman on Judgments, § 545, as sustaining the power of supervisors to confess a judgment for a debt lawfully contracted, the court concluded the opinion by making an order discharging the rule at the cost of the petitioner. Thereupon the petitioner took this appeal on behalf of the township, specifying, inter alia, that the court erred :

1. In not striking off the judgment.

2. In making the order discharging the rule.

3. In not making the rule absolute.

4. In confirming and holding valid the judgment against the township.

*Mr. T. M. B. Hicks*, for the appellant:

This is a case where the supervisors of a township are making an attempt, by confessing a judgment, to preclude the township from making a defence. Had these supervisors given the plaintiff a judgment note, a judgment entered thereon would hardly be said to preclude the township ; yet, between the transaction in question and the ⌐⌐⌐⌐⌐⌐⌐⌐⌐⌐⌐⌐⌐⌐⌐⌐⌐⌐⌐⌐

stantial difference exists ; there is merely a difference of form. Gere v. Supervisors, 7 How. Pr. 255, cited by the court below as authority for the power of supervisors to confess a judgment against a township, decides exactly the reverse. The court doubtless was misled by relying on the note of the case in Freeman on Judgments, § 545. It is the duty of the supervisors, under § 5, act of April 15, 1834, P. L. 538, to make a defence if one exists.

1. The plaintiff's statement of claim avers that the action is founded on a township order. It has been held repeatedly that an action will not lie on such an order, as it is " neither a bill, note, check, nor contract, nor a satisfaction of the original indebtedness ; " that suit should be brought upon the original indebtedness, and that the plaintiff cannot recover unless there is a valid indebtedness to him aside from and independent of the order : Port Royal Bor. v. Graham, 84 Pa. 426 ; First N. Bank v. Rush Sch. Dist., 81* Pa. 307 ; Allison v. Juniata Co., 50 Pa. 351 ; Snyder Tp. v. Bovaird, 122 Pa. 442.

2. The order here in question, it is true, sets forth the fact that it was given for borrowed money, but the statement of claim avers not a single fact to show that there existed such a contract of borrowing as the supervisors had the power to make ; and such facts should be averred. The power of supervisors to bind a township for borrowed money, is certainly more limited than that of a married woman to contract, and it is held that a judgment against a married woman must be self-supporting : Baker v. Singer Mfg. Co., 122 Pa. 363 ; McKinney v. Brown, 130 Pa. 365 ; Real Est. Co. v. Roop, 132 Pa. 496. Moreover, the statement does not aver a demand of payment upon the township treasurer, and without such demand the action cannot be maintained : East Union Tp. v. Ryan, 86 Pa. 459. As the pleadings fail to disclose a valid claim against the township, the judgment should have been stricken off.

3. In his answer to the petition to strike off the judgment, the plaintiff forsakes the order and goes back to his original claim. It is conceded that supervisors have no express power to bind the township for borrowed money, pure and simple, unless it is conferred by act of April 20, 1874, P. L. 65, not a single provision of which ·· was carried out in this case. If,

in this instance such power existed at all, it must have been an implied one, but no decision has been found recognizing such a power. The facts in Union Tp. v. Gibboney, 94 Pa. 537, called for no decision of this question. Directors of Poor v. Worthington, 38 Pa. 160, and Directors of Poor v. Malany, 64 Pa. 144, cited by Mr. Chief Justice GORDON, in Gibson v. Poor Dist., 122 Pa. 557, were not cases of implied power, but related to the exercise of express and well recognized powers.

4. A township is merely a quasi corporation, and the law and decisions applying to municipal corporations proper have no applicability to the former. The doctrine enunciated in Gibson v. Poor Dist., supra, properly interpreted, must mean that townships and poor districts have no implied power to borrow money, and it can mean nothing else. But an attempt is made, in the present case, to establish the strange doctrine that this power is born of extreme emergency. The effect of such a doctrine would be to produce untold litigation; for each case would stand alone upon its own peculiar circumstances, and could be no precedent for any other.

5. Even in the case of municipal corporations proper, the necessity from which the power may be implied means, not unforeseen circumstances, but a necessary implication for the purpose of carrying out, in their ordinary exercise and to their natural limits, the powers expressly granted. No power to borrow money can thus be implied from the powers expressly granted to townships. Again; the answer avers that this money was borrowed to make future local improvements, paying laborers who were thereafter to work upon the roads, and it is well established that a power to borrow for such a purpose can never be implied: 1 Dillon, Mun. Corp., § 125. In conclusion, all that the township asks is that the plaintiff be required to establish his claim in the usual way, and it is no more than justice to the township that it should have the right of trial by jury.

*Mr. J. F. Strieby* (with him *Mr. W. W. Hart*), for the appellee:

1. The record does disclose a good cause of action. The order states that it is for borrowed money bearing interest, and it is under the hands of both supervisors of the township, at-

tested by the clerk. It has, therefore, all the essential elements of a contract to refund money lent, and is a sufficient instrument upon which to base an action at law : Port Royal Bor. v. Graham, 84 Pa. 429. It is undisputed that a previous demand for payment is a condition precedent to the bringing of the action, but the record need not aver it : it may be established at the trial, like any other fact. No objection on this ground was set up in the appellant's petition as a defence to the judgment. Besides, the demand may be waived by the supervisors. And the analogy attempted to be drawn between the judgment in this case and a judgment against a married woman does not hold, for a married woman's power to contract is purely statutory, and under no possible contingency is she invested with implied powers ; whereas this action was based, not upon statutory, but upon implied authority.

2. The proposition advanced by the appellant, that supervisors have no authority either express or implied to borrow money, can scarcely be said to be an open question. The conclusion arrived at by the court below is justified by the case of Hopewell Tp. v. Putt, 2 W. N. 46, referred to approvingly in Somerset Tp. v. Parson, 105 Pa. 360. The case at bar, however, is much stronger than Hopewell Tp. v. Putt. The correctness of the court's conclusion is sustained, also, by Gibson v. Poor Dist., 122 Pa. 557, in which this court say that, in cases of necessity, overseers of the poor may borrow money. If ever a necessity could exist for borrowing money by a township, such necessity existed in the case now at bar. In Union Tp. v. Gibboney, 94 Pa. 537, the power of townships to borrow money was recognized as arising " by necessary implication, for carrying on the duties imposed upon them," and it is upon that principle that the decision of the court below in this case was based. From the fact that the duty to repair roads and bridges is absolute, and does not cease when all the money that could be raised by taxation has been expended, it logically follows that there is an implied authority to borrow money when it is necessary so to do.

3. The proposition that the supervisors had not the authority to confess the judgment in this case is supported neither by authority nor by reason. In Bennett v. Fulmer, 49 Pa. 155, the court say : " Nobody can doubt but that an administrator can

confess judgment;" and Freeman on Judgments, § 545, is authority for the confession of judgments by public officers for amounts justly due. Judgments are always under the control of the courts, and since no injury can be done to any one, but costs can be saved to the townships, it is not only reasonable but just that supervisors should have this authority after suit is brought. If county commissioners can advance money for the discharge of a prisoner, upon the ground that such an act will save money to the county, as it was held they may do in Schwamble v. The Sheriff, 22 Pa. 18, surely supervisors, who have the same corporate powers as county commissioners: Cooper v. Lampeter Tp., 8 W. 125, should be allowed to confess a judgment for money actually due from the township, to save costs.

OPINION, MR. CHIEF JUSTICE PAXSON:

If we treat this case as a rule in the court below to open the judgment, we would be compelled to quash the appeal. It was confessed in an adverse proceeding, and the opening of such a judgment is in the discretion of the court below. It is only where the judgment is entered upon a warrant of attorney or judgment note, that the act of assembly gives the right to an appeal from a refusal to open it. The case was argued at bar, however, as though the rule was to strike off the judgment, and, as that was the prayer of the petition upon which the rule was granted, we will treat it as such.

The suit was brought against the township of Jackson, appellant, upon a warrant or order drawn by the supervisors in favor of the plaintiff, upon the treasurer of the township, for the sum of $600, and is expressed upon its face to be "on account of borrowed money." The writ having been served upon the supervisors, they appeared and confessed judgment for the amount of the claim. Subsequently, one Henry Antis, a taxpayer of the township, presented his petition to the court below, asking to have the judgment stricken from the record for the reason that the supervisors had no authority to give said order, or to borrow the money which it is alleged to represent. The prayer of the petition is that "said judgment be stricken off, so that the said township of Jackson, through your petitioner, may come in to defend against the said claim," etc.

A judgment which is regular upon its face cannot be stricken off except for fraud. It was contended for the petitioner that the judgment was void upon its face; that a supervisor has no authority to borrow money, and that a suit will not lie upon an order of this description. It may be conceded that, if it appear upon the face of the record that the judgment was unlawfully entered, it may be stricken off. If the plaintiff was seeking to recover upon the order, and the township were resisting it, we would have an entirely different question before us. The township is not resisting the claim; it confessed judgment therefor by its recognized officers. We do not assent to the proposition that the supervisors, knowing a claim to be just, may not confess judgment. They are not bound to subject the township to costs, in a case in which they have no defence. Under such circumstances, we would not strike off a judgment for a mere technicality, even upon the petition of a taxpayer.

The allegation that a suit cannot be sustained upon a township order is a technicality. The township is as much protected by the judgment as though the plaintiff had brought suit upon the original indebtedness, and had offered the order merely as evidence of the debt. It has been said in some cases that an action does not lie on such paper; that it is neither a bill, note, check, nor contract, nor is it a satisfaction of the original indebtedness: Dyer v. Covington Tp., 19 Pa. 200; Allison v. Juniata Co., 50 Pa. 351. In each of those cases, however, the point decided was that interest could not be recovered upon such warrants. It has been expressly held that they are not negotiable, and that suit cannot be brought in the name of a subsequent holder thereof: First N. Bank v. Rush School Dist., 81* Pa. 307; Snyder Tp. v. Bovaird, 122 Pa. 442. I do not propose to discuss this question, however. It might have been a troublesome one had it been raised by the township, but this petitioner has no standing to raise technicalities, which do not go to the merits.

That supervisors have no general power to borrow money is conceded. Nor have they any implied power to do so, except when its exercise is necessary to enable them to perform their duties. They have no authority to borrow money for the ordinary repair of roads, but they may do so upon an extraordinary emergency, as where bridges are destroyed, and roads

rendered impassable by a flood. In such cases, their duty requires them to place both bridges and roads in a safe condition for travel. They must do it promptly, and are liable to indictment for neglect or refusal to do so; and if they have no money for such purpose they may borrow it. We think this principle is sufficiently recognized in Union Tp. v. Gibboney, 94 Pa. 534; Gibson v. Poor Dist., 122 Pa. 557. And if a precedent were necessary for so obvious a proposition we would make one.

This money appears to have been borrowed by the supervisors in good faith, to repair the roads and bridges injured or destroyed by the flood of 1889. This was a lawful purpose; and as there is no specific act of fraud charged, we are of opinion the township is bound to repay the holder of this order the money he advanced. The right being established, the form of the transaction does not concern the petitioner.

Judgment affirmed.

On April 27, 1891, a motion for a re-argument was refused.

