# Good Roads Machinery Company to use *v.* Old Lycoming Township, Appellant.

*Townships—Supervisors—Power to borrow money—Municipal indebtedness—Judgment—Amendment—Change of cause of action.*

Supervisors of a township have no power to borrow money and give a judgment note therefor, for the purpose of paying off an ordinary promissory note given to a machinery company for a road grader.   If judgment is entered on the judgment note, the plaintiff cannot, after he has taken an assignment of the promissory note, have the record amended so that the suit shall be in the name of the machinery company as plaintiff to the use of himself.   Such an amendment introduces a new cause of action, and is not permissible.

Argued March 11, 1904.   Appeal, No. 10, Feb. T., 1904, by defendant, from judgment of C. P. Lycoming Co., June T., 1902, No. 226, on verdict for plaintiff in case of Good Roads Machinery Company to use of O. W. Good v. Old Lycoming Township.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Issue to determine validity of judgment.   Before HART, P. J.

The facts are stated in the opinion of the Superior Court.

The court charged, inter alia, as follows :

[If, however, you believe from the evidence that it was agreed between O. W. Good and the supervisor of the township, that the $225 was to be used for the purpose of lifting the order given by the Good Roads Machinery Company, and that said order was transferred to him, then we say to you that O. W. Good would stand in the same relation to the township, defendant, as the Good Roads Machinery Company did when said order was given to it, and the plaintiff would be entitled to recover in this issue.] [2]

Verdict and judgment for plaintiff for $229.26.   Defendant appealed.

*Errors assigned* were (1) in allowing the amendment referred to in the opinion of the Superior Court; (2) portion of

charge as above, quoting it; (3) refusal of binding instructions for defendant.

*J. F. Strieby*, for appellant.—The supervisor had no power to borrow the money for which the judgment was given : Gibson v. Plumcreek Poor Dist., 122 Pa. 557 ; Maneval v. Jackson Twp., 141 Pa. 426.

*Andrew G. Miller*, for appellee.—Plaintiff may amend by adding the name of another as legal plaintiff for his use: Walthour v. Spangler, 31 Pa. 523 ; Downey v. Garard, 24 Pa. 52; Kaylor v. Shaffner, 24 Pa. 489; Druckenmiller v. Young, 27 Pa. 97.

It was held in Brice's Appeal, 95 Pa. 145, that where one who is a stranger to an obligation pays the debt in whole or in part, in the absence of evidence to the contrary he becomes by implication the purchaser of the debt to the extent of the payment.

OPINION BY MORRISON, J., May 10, 1904 :

By special act of assembly Old Lycoming township is only required to have one supervisor. On March 19, 1901, the supervisor of said township purchased from the Good Roads Machinery Company a road grader, and gave therefor a writing called in this record in some places a note and in others an order. It was a promise on the part of the township to pay to said company on or before the first day of January, 1902, at the Savings Bank of Williamsport, $225 with exchange, for one steel Champion Road Grader, value received, with interest. Signed Robert R. Rogers, supervisor of Old Lycoming township. Dated March 19, 1901.

The undisputed testimony shows that the above note or order was owned after March 26, 1901, by Benjamin P. Kirk, who purchased it as an investment. The evidence further shows, without dispute, that on January 2, 1902, the then supervisor of said township borrowed from O. W. Good the sum of $225 to pay the above note, and on that date the said supervisor executed and delivered to Good a promissory note with warrant of attorney in the usual form. This note promised to pay to said Good on April 2, 1902, $225, for value re-

ceived, with interest, and costs of collection or an attorney's fee of ten per cent, in case payment shall not be made at maturity. The undisputed evidence also shows that on or about January 2, 1902, the money borrowed from Good on said note, was used to pay the Good Roads Machinery Company note at the bank in Williamsport, said note being then the property of the estate of Benjamin P. Kirk, deceased.

On April 14, 1902, A. G. Miller, Esq., attorney for O. W. Good, filed the note of January 2, 1902, in the prothonotary's office of Lycoming county and confessed judgment thereon in favor of O. W. Good against Old Lycoming township, for the sum of $251.33, being the debt, interest and attorney's commission in said note.

On May 5, 1902, the plaintiff petitioned the court and procured a writ of mandamus commanding the township of Old Lycoming to pay said judgment with costs, etc. This writ was served by the sheriff on Lewis Foy, the supervisor of said township, on May 7, 1902.

On May 17, 1902, Lewis Foy, supervisor, presented a petition asking to have said judgment stricken off as to Old Lycoming township. A rule to show cause was granted as prayed for. On June 2, 1902, O. W. Good filed an answer to said petition, in which he admitted that the note was given to him for money loaned for the purpose of paying for the road machine note. After the taking of some testimony, on June 14, 1902, Lewis Foy moved the court for a rule to open said judgment and let defendant into a defense, and on that day an amendment of the proceedings was allowed and rule granted as prayed for. On July 14, 1902, O. W. Good filed an amended answer. Afterwards on October 3, 1902, the rule to open the judgment and let the defendant into a defense was made absolute, and thereupon on October 27, 1902, the court made the following order : " And now, October 27, 1902, the judgment in this case having been opened, a feigned issue is awarded, in which the plaintiff, O. W. Good, shall be plaintiff, and Old Lycoming township shall be the defendant, and the note on which the judgment is entered shall stand as the plaintiff's statement, and the defendant shall plead non assumpsit, and the issue to be tried shall be—first, whether the said note was given for money loaned by the said plaintiff to said defendant ;

second, whether, or not, said note was given by defendant to the plaintiff, for a claim purchased by said plaintiff from the said Good Roads Machinery Company, of Kennett Square, Pennsylvania, and then held by said Good Roads Machinery Company against said defendant, for $225 for a road machine sold, and delivered by said Good Roads Machinery Company, to said defendant by the court, William W. Hart, P. J."

On October 31, 1902, the defendant entered the plea of non assumpsit as directed by the court.

It does not seem correct to characterize the above issue as a feigned issue. The case was tried as an action of assumpsit, and the verdict and judgment instead of being for the purpose of settling some disputed fact to aid the court in disposing of the real issue was a verdict and judgment for the full amount of the plaintiff's claim. A feigned issue has been defined as " An issue produced in a pretended action between two parties for the purpose of trying before a jury a question of fact, which it becomes necessary to settle in the progress of a cause." The issue above directed should be characterized as a real issue instead of a feigned one.

On December 3, 1902, without notice to defendant, the following amendment was made : " And now, to wit : December 3, 1902, on motion of plaintiff's attorney the above entitled action is amended as follows : that the plaintiff be Good Roads Machinery Company, now for the use of O. W. Good. Counsel for defendant excepts and bill sealed. William W. Hart, P. J."

At the trial of the issue the testimony was practically undisputed that the plaintiff in the confessed judgment, O. W. Good, loaned to the supervisor of the defendant township on January 2, 1902, the sum of $225, to pay the note or order given to the Good Roads Machinery Company for the road grader. Upon this question all of the witnesses having knowledge of the fact substantially agreed that the $225 was loaned by Good to the township supervisor, who executed and delivered therefor the judgment note upon which the judgment was confessed in this case. The witnesses called and testifying upon this question were Robert Rogers, supervisor ; W. H. Spencer, a member of the bar, and Mr. Good's own testimony, to wit : " Q. He wanted to borrow this money of you and you loaned it to him ? A. I loaned it to Old Lycoming township,

not as supervisor. That is an error because 'supervisor' was not put on the note. Mr. Spencer filled out the note and had it signed and told me it was perfectly good and I accepted it."

We have gone over the testimony with some care, and there is no real contradiction of the testimony of these witnesses, which is to the effect that O. W. Good loaned the $225 to the township, taking the note as his security for such loan.

There was considerable testimony offered by the plaintiff for the purpose of showing that on the day O. W. Good took the judgment note and furnished the $225, he purchased the order or note which had been previously given to the Good Roads Machinery Company. The plaintiff in his supplemental answer averred that he purchased this order and had it assigned to himself on January 2, 1902, by the Good Roads Machinery Company. But the uncontradicted testimony of the manager of the Good Roads Machinery Company, and of Elizabeth B. Kirk, establishes the fact that said company had sold and assigned this note to Benjamin P. Kirk, and that from March 26, 1901, until the date of his decease, he owned it. And his estate continued to own said note until it was paid on or about January 2, 1902, at the bank at Williamsport. This testimony also shows clearly and without contradiction that this note was not assigned to O. W. Good until June 26, 1902. This was nearly six months after it had been paid in the bank at Williamsport, and more than a year after the Good Roads Machinery Company had sold and assigned it to Kirk. It is perfectly clear from the uncontradicted evidence that the Good Roads Machinery Company had received its pay for the machine and the note more than a year before they undertook to assign the note to the plaintiff. Upon this state of facts it seems clear that their cause of action, the value of the machine sold to the township, was not assigned nor attempted to be assigned to the plaintiff Good. At the date when the Good Roads Machinery Company undertook to assign the note to O. W. Good, they did not own it, and had not owned any interest in it for a year or more.

The first assignment of error raises the question of the power of the court to amend the judgment confessed on the note by making the Good Roads Machinery Company, the legal plaintiff, and O. W. Good, the legal plaintiff in the con-

fessed judgment, the use plaintiff therein. We are not able to understand upon what theory this amendment was made. O. W. Good had a plain promissory note, with warrant of attorney attached. He caused judgment to be confessed thereon in the court of common pleas of Lycoming county. In that judgment he was plaintiff and the township was defendant. This was strictly in accordance with the note. No judgment could have been entered upon this note without making O. W. Good the legal plaintiff, but on his theory that he had purchased the note or order given to the Good Roads Machinery Company by the township, and that their cause of action was that note, the court amended the record so that it would stand, Good Roads Machinery Company, legal plaintiffs, and O. W. Good, use plaintiff. This order was excepted to and a bill sealed. From a legal standpoint there are several objections to it. A note or order like the one in question creates no valid cause of action against the township. If there was a valid cause of action upon which recovery could be had, it was the price and value of the machine, which was sold and delivered to the supervisor of the township. The authority of a supervisor to create debts against his township and give notes therefor is so limited that such a note will not make a prima facie cause of action without a claim and accompanying proof upon the real cause of action, which must be one which a supervisor has authority to create. We have already said there is no pretense in this case that the cause of action was assigned or transferred to Good. However, let us suppose for the moment that it was. Then how would the case stand as to the amendment? Good had a judgment note against the township, which he took for money loaned to it. This fact is established by the uncontradicted evidence. If he had purchased the cause of action which originally belonged to the Good Roads Machinery Company, it would be an independent cause of action, and he could not bring it into the record of his judgment already entered on the judgment note. Amendments are allowed to correct errors, either of law, or of fact, or of both. There was no error in the form of Good's judgment, which he had procured against the township, and which was the basis of the issues directed and tried by the court.

" Where the plaintiff, by mistake, either of law or fact, brings an action for his use in the name of one who has no title to support, the act of 1852 fairly applies to the case, and whenever it shall appear to the court that such a mistake has actually occurred, it is the duty of the court to correct it, taking care that the amendment be not used for the purpose of introducing a cause of action substantially different from that on which the suit was actually, although informally brought: " Kaylor v. Shaffner, 24 Pa. 489.

" The great cardinal rule adhered to in all the cases is that the amendment must not introduce a cause of action substantially different from that which is set forth in the narr. already filed : " Root v. O'Neil, 24 Pa. 326. These and many other authorities establish the principle that a new cause of action cannot be introduced into a suit by amendment. We think sufficient has been said to sustain the first assignment of error.

In our opinion the court also erred as indicated in the second assignment. There is no evidence in the record to warrant the court in saying to the jury " that O. W. Good would stand in the same relation to the township defendant as the Good Roads Machinery Company did when the said order was given to it, and the plaintiff would be entitled to recover in this issue."

We think sufficient has been said to show that this assignment must be sustained.

The third assignment is, " The court erred in refusing to affirm defendant's seventh point for instructions to the jury, which point is as follows : Under all the evidence in this case your verdict upon both issues must be in favor of the defendant."

This assignment of error is sustained, because a careful examination of the plaintiff's testimony establishes the fact, beyond controversy, that he loaned the money on January 2, 1902, to the supervisor of the defendant township, taking as security for such loan the note upon which the judgment in this case was entered. And there is no evidence in this record showing, or tending to show, any emergency or state of affairs which would enable a supervisor to borrow money and give a note therefor, which would bind the township.

The law provides how supervisors, overseers of the poor, and such officers as are clothed with limited power can raise money. We unhesitatingly say there is no authority anywhere authorizing a supervisor to borrow money on the credit of his township for the payment of an ordinary claim like that of the Good Roads Machinery Company for the road grader. In this case a great deal of ingenuity has been expended in trying to recover from the defendant township an illegal and invalid claim, but it will not work because the law is otherwise. "That supervisors have no general power to borrow money is conceded. Nor have they any implied power to do so, except when its exercise is necessary to enable them to perform their duties. They have no authority to borrow money for the ordinary repair of roads, but they may do so upon an extraordinary emergency, as where bridges are destroyed, and roads rendered impassable by a flood. In such cases their duty requires them to place both bridges and roads in a safe condition for travel. They must do it promptly, and are liable to indictment for neglect or refusal to do so; and if they have no money for such purpose they may borrow it:" Maneval v. Jackson Twp., 141 Pa. 426.

In Gibson v. Poor District of Plumcreek Twp., 122 Pa. 557, the overseers of the poor borrowed money and actually applied it to the payment of a debt of their district, which they had been ordered to pay by the court. Yet it was held that the money borrowed gave no right of action against the poor district.

In the case under consideration, after the court had amended the record by introducing a new legal plaintiff, and attempted to introduce another cause of action, the plaintiff palpably failed to show that he had any legal cause of action against the defendant township which would entitle him to a verdict and judgment, and therefore the court ought to have given a binding instruction in favor of the defendant.

The assignments of error are all sustained and the judgment is reversed.