Herrold v. Union Township Poor District, Appellant.

*Judgment—Township poor district—Laches—Striking off judgment.*

Where the overseers of the poor of a township borrow money and give a note therefor, and the money is used for the legitimate purposes of the district, a judgment entered on the note will neither be stricken off nor opened, where it appears that a portion of the judgment was paid, and that no steps were taken by the overseers for three years to contest its validity. Such a judgment is not void, but at the most voidable if steps are taken within a reasonable time to question it.

Argued March 14, 1906. Appeal, No. 21, March T., 1906, by defendant, from order of C. P. Snyder Co., June T., 1902, No. 89, discharging rule to open judgment in case of Catherine Herrold v. The Union Township Poor District. Before RICE, P. J., PORTER, MORRISON, HENDERSON, ORLADY, HEAD, and BEAVER, JJ. Affirmed.

Rule to open judgment. Before McCLURE, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Charles Hower*, for appellant, cited: Wall v. Wall, 123 Pa. 545; Blin v. Campbell, 14 Johnson, 432.

*Charles P. Ulrich*, with him *A. W. Potter*, for appellee, cited in the question of laches: Com. v. Compton, 7 Pa. C. C. Rep. 262; Sands v. McGarvey, 25 Pa. C. C. Rep. 629; Brennan v. Plymouth Twp., 31 Pa. C. C. Rep. 417; E. T. Burrowes Co. v. Cambridge Springs Co., 26 Pa. Superior Ct. 315; Harper v. Biles, 115 Pa. 594; O'Brien v. Sylvester, 12 Pa. Superior Ct.

408; Stebbins v. Leidy Twp., 13 Pa. Dist. Rep. 64; Lytle
v. Hoover, 175 Pa. 408; Littster v. Littster, 151 Pa. 474;
Cassidy v. Scott, 30 Pa. C. C. Rep. 490.

OPINION BY MORRISON, J., April 23, 1906:

On March 22, 1900, J. B. Herrold and George M. Herrold,
were the overseers of the poor of Union township and on that
day they borrowed from Catherine Herrold, plaintiff, the
sum of $600 giving her therefor a judgment note, signed by
them as overseer of the poor of said district. The note was
due in one year after date, with interest. The learned court
below has found, on ample evidence, that this money was actu-
ally furnished by the plaintiff and that it was used to pay press-
ing claims against the poor district, and that there was no fraud
or collusion in the matter whatever. In our opinion it is now
a fair legal presumption that the claims against the poor dis-
trict so paid were valid and legal. It will not be presumed
that public officers paid illegal claims, and there is no showing
whatever that they were not claims which could have been re-
covered in legal proceedings against the poor district.

On May 12, 1902, the plaintiff brought suit on this note and
the summons was duly served, and no defense being interposed,
judgment was granted in favor of the plaintiff on June 6, 1902,
for the sum of $679.40, being the debt and interest then due
and unpaid. On June 26, 1902, the overseers of the district,
not the ones who gave the note, paid the plaintiff on her judg-
ment $30.90, and on February 13, 1903, the same overseers paid
her on the judgment $119.10, and on January 16, 1905, one of
the same overseers and another, who had lately come into office,
paid her on the judgment $50.00. It appears that this note,
and judgment thereon, were duly reported by the township
auditors, as valid claims against the district, for the years 1901
to 1905, inclusive, and during all of this time, no question was
raised as to the honesty and validity of the note and judgment.
On September 15, 1905, Jonathan Gamby and Jacob S. Bru-
baker, the then overseers of the district, petitioned the court,
" to grant a rule on the plaintiff to show cause why said judg-
ment should not be opened and the same stricken from the rec-
ords, and the defendant allowed to make a defense to the said
suit or action." On the same day rule granted on the plaintiff

to show cause why the prayer of the petition should not be granted.   On December 12, 1905, after the taking of testimony and hearing arguments of counsel, the court discharged the rule and sealed a bill of exceptions for the defendant.

In a careful opinion the learned court reached the conclusion that the judgment was not void, and, even if illegal so that judgment would have been refused, if the defense had been made at the proper time, it should not now be disturbed on account of the laches of the defendant.   This note, and the judgment thereon, had been recognized as legal and binding against the defendant for about five years before the presentation of the petition to open the judgment.   It appears that during that time, eight different men had held the office of overseer of the defendant district.   In our opinion, the learned court, in his opinion and citation of authorities, fully sustains his order refusing to open the judgment.   We think this is a case where the rule as to laches should be applied, because there is not a particle of justice or equity in the attack on the judgment.

In Bradford v. New York and Penna. Telephone & Telegraph Co., 206 Pa. 582, the Supreme Court, Mr. Justice BROWN, said : (p. 586): " While the authorities with us are not numerous in holding that laches may be imputed to the commonwealth and municipalities in denying them equitable relief which might otherwise be granted, the rule that it can be imputed to the public is clearly laid down in several cases."   And this is followed by the citation of several authorities.

We will not lengthen this opinion by citing other authorities, as they will be found liberally cited in the opinion of the court below.

But it is now urged, vigorously, that the note and judgment are entirely void and that laches is not ground for refusing to strike off a void judgment.   It may be replied to this that the rule was to open the judgment and make defense to the action. The rule is strictly in harmony with the prayer of the petition and this is a concession that the judgment is not void   Why should a court be asked to open a void judgment?   If void, the motion should be to strike off.

The learned counsel for the defendant relies on Gibson v. Poor District of Plumcreek Township, 122 Pa. 557, and Good Roads Machinery Co. v. Old Lycoming Township, 25 Pa. Superior Ct.

156, to sustain his contention that the judgment is void.   Those cases are authority for the position that if the defense had been interposed, and sustained at the proper time, that the plaintiff loaned her money to pay the ordinary debts of the poor district, her note would have been illegal and her right to recover would have been denied.   Those and other cases probably go the extent of making it the duty of the court to open a judgment based on such consideration, provided, the application be made with reasonable promptness.   But we do not agree that the judgment in question is void.   The court had jurisdiction of the parties and of the subject-matter, and the judgment is regular upon its face, and, therefore, it is not void. The most that can be said is that the note may have been illegal, if the facts had been shown in defense.   But if the money was borrowed in case of imperative emergency, for the relief of the poor, the overseers might have bound the district: Gibson v. Poor District of Plumcreek Twp., 122 Pa. 557.   This shows that the plaintiff's note and judgment are not void on their face.   When judgment was asked, on this claim, it was for the court to say whether or not the claim was legal, and by granting judgment, this question was determined in favor of its legality.

The defendant appealed to the equitable power of the court for relief against a judgment regular upon its face, and utterly failed to show a shadow of equitable ground to warrant the court in disturbing the judgment.

We are all of the opinion that the learned court exercised a wise discretion in refusing to open and strike off the judgment and permit a defense at so late a day, and, therefore, the appeal is dismissed at the costs of the appellant, and the order appealed from is affirmed.