# International Harvester Company, Appellant, v. Tuscarora Township (No. 1).

*Townships—Supervisors—Judgment—Opening judgment—Intervention by taxpayers.*

1. Citizens and taxpayers of a township have the right under the Act of March 23, 1877, P. L. 20, to intervene and institute an inquiry as to the validity of a judgment confessed by the supervisors against the township.

*Judgment—Striking off judgment—Payment.*

2. Where a judgment note on which judgment has been entered contains a warrant to enter judgment "if the note is not paid at maturity," and an indorsement on the note shows payment, and there is no statement or affidavit filed with the note to explain the indorsement, the judgment will be stricken off.

*Townships—Supervisors—Power to borrow money.*

3. Township road supervisors have no general power to borrow money and bind the township for its repayment, nor any implied power to do so, except where its exercise is necessary to enable them to perform their duty.

4. Where supervisors give notes for a road machine, and when the notes become due borrow money to pay them, and months afterward assign the notes to the lender, without there having been any original intention to assign them, the latter is a mere volunteer and cannot maintain a suit in the name of the payee of the notes to his own use against the township. In such a case there is no subrogation in favor of the lender inasmuch as he has no standing to maintain an action against the township for money loaned.

5. While subrogation is founded on principles of equity and benevolence and may be decreed where no contract exists, yet it will not be decreed in favor of a mere volunteer, who, without any duty, moral or otherwise, pays the debt of another.

Argued March 15, 1910. Appeals, Nos. 20 and 21, March T., 1910, by plaintiff, from order of C. P. Perry Co., Aug. T., 1908, Nos. 58 and 59, making absolute rule to strike off judgments in case of International Harvester Company of America for the use of James G. Brandt v. Tuscarora Township. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule to strike off judgment. Before SHULL, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule to strike off judgment.

*W. H. Sponsler,* for appellant.—Where money is loaned with the express intention of paying off a good and subsisting debt and an obligation to secure it has been given which has failed, equitable subrogation will be administered for the benefit of one who is about to lose his money: McCormick v. Irwin, 35 Pa. 111; Mosier's App., 56 Pa. 76; Memphis, etc., R. R. Co. v. Dow, 120 U. S. 287 (7 Sup. Ct. Repr. 482); Valle's Heirs v. Fleming, 29 Mo. 152; Arlington State Bank v. Paulsen, 57 Neb. 717 (78 N. W. Repr. 303); Life Ins. Co. v. Marshall, 32 N. J. Eq. 103; Detroit, etc., Ins. Co. v. Aspinall, 48 Mich. 238 (12 N. W. Repr. 214); Lockwood v. Bassett, 49 Mich. 546 (14 N. W. Repr. 492); Zinkeisen v. Lewis, 66 Pac. Repr. 644; Public Library v. Tilden, 79 N. Y. Supp. 161; Lashua v. Myhre, 93 N. W. Repr. 811; Motes v. Roberson, 32 So. Repr. 225; Boevink v. Christiaanse, 95 N. W. Repr. 652; Haverford Loan, etc., Assn. v. Fire Assn., 180 Pa. 522; Wells v. Town of Salina, 71 Hun (N. Y.), 559; Irvine v. Kearney County Commrs., 75 Fed. Repr. 765; Coffin v. Kearney County Commrs., 114 Fed. Repr. 518.

*Luke Baker,* for appellee.—That supervisors have no general power to borrow money: Maneval v. Jackson Twp., 141 Pa. 426; Machinery Co. v. Old Lycoming Twp., 25 Pa. Superior Ct. 156; Union Twp. v. Gibboney, 94 Pa. 534; Gibson v. Plumcreek Poor Dist., 122 Pa. 557; Penna. Canal Co. v. Shirley & Union Twps., 18 W. N. C. 397; Millerstown Boro. v. Frederick, 114 Pa. 435; First Nat. Bank v. New Castle, 224 Pa. 285; Heidelberg School Dist. v. Horst, 62 Pa. 301; Rainsburg Boro. v. Fyan, 127

Pa. 74; Gable v. Altoona, 200 Pa. 15; Long v. Lemoyne Boro., 222 Pa. 311.

If the use plaintiff had sought to recover the money he loaned to the supervisors by means of an action of assumpsit he would have failed utterly: Machinery Co. v. Old Lycoming Twp., 25 Pa. Superior Ct. 156; Gibson v. Plumcreek Poor Dist., 122 Pa. 557; Union Twp. v. Gibboney, 94 Pa. 534; Millerstown Boro. v. Frederick, 114 Pa. 435; Bank v. New Castle, 224 Pa. 285.

Subrogation is never decreed in favor of a mere volunteer, who without any duty or obligation, moral or otherwise, pays the debt of another: Cottrell's App., 23 Pa. 294; Mosier's App., 56 Pa. 76; Webster & Goldsmith's App., 86 Pa. 409; Hoover v. Epler, 52 Pa. 522; Williamson's App., 94 Pa. 231; Campbell v. Foster Home Assn., 163 Pa. 609. Brandt was under no duty or compulsion. Under all the authorities in this state he was a simple volunteer.

OPINION BY RICE, P. J., July 20, 1910:

This and the succeeding case are appeals from orders striking off judgments entered on two promissory notes given by the road supervisors of the defendant township to the legal plaintiff for the price of a gasoline engine for road purposes, purchased by them on behalf of the township from the plaintiff under the authority conferred by sec. 4 of the Act of April 12, 1905, P. L. 142. The notes were signed by the supervisors and each contained a conditional authorization to enter judgment on the same in the following words: "If the note is not paid at maturity, I hereby authorize any attorney or prothonotary of any court of record in this state, to confess judgment against me for the above sum with costs of suit, and five per cent attorney's fees, hereby waiving inquisition and all exemptions." On the date of the notes they were transferred by indorsement to the First National Bank of Millerstown for collection on account of the payee. One of the notes fell due on August 1, and the other on December 1, 1907.

In August, 1907, the supervisors, not having funds in their hands sufficient to pay the two notes, borrowed from James G. Brandt the amount and gave him as security therefor a judgment note signed by them. At the time this loan was made the supervisors told Brandt that the purpose for which they wished to borrow the money was to pay the two notes which were then in the bank. With the money thus borrowed the supervisors paid the two notes, which were by the cashier of the bank canceled and marked paid, without request or objection from the supervisors, and delivered to the supervisors, who retained the same until about September, 1908, when they were delivered to Brandt, at his request, by one of their number. Afterwards, at his request, the International Harvester Company of America formally assigned the notes to him, and thereupon he caused the judgments in controversy to be entered upon them in the name of the payee to his use. Still later the supervisors, by resolution adopted by a majority of the board, ratified the action of one of their number in delivering the notes to Brandt and acquiesced in the assignment of the notes to him. The rules to show cause why these judgments should not be stricken off were granted upon the application of J. R. Bickler and others, citizens and taxpayers of the township. Their authority to intervene and institute an inquiry into the validity of the judgments is derived from the provisions of the Act of March 23, 1877, P. L. 20.

The Act of February 24, 1806, 4 Sm. L. 270, authorizes the prothonotary to enter judgment on an instrument wherein judgment is confessed or containing a warrant of attorney to confess judgment, against a person or persons who execute the same, "for the amount which from the face of the instrument may appear to be due." A judgment by confession can be sustained only by a warrant authorizing it at the time and in the manner and form in which it is entered: Eddy v. Smiley, 26 Pa. Superior Ct. 318. Hence, where the warrant was to confess judgment "in any court having jurisdiction, in term time or vaca-

tion, at any time after the maturity of this note and before its payment," and judgment was entered before maturity, it was held that it was irregular and voidable at the instance of the defendant: Osterhout v. Briggs, 37 Pa. Superior Ct. 169. Here the warrant was to enter judgment "if the note is not paid at maturity." This did not authorize entry of judgment before maturity, and not even after maturity if the note had been paid at the time of entry. As no statement or affidavit was filed with the note contradicting or explaining the indorsement on the face of it showing that it had been paid, the action of the court in striking off the judgment was warranted, prima facie, at least, by the state of the record.

Consideration of the facts which do not appear of record does not lead to a different result.

Township road supervisors have no general power to borrow money and bind the township for its repayment, nor any implied power to do so, except where its exercise is necessary to enable them to perform their duties: Union Twp. v. Gibboney, 94 Pa. 534; Gibson v. Plumcreek Poor Dist., 122 Pa. 557; Maneval v. Jackson Twp., 141 Pa. 426; Good Roads Machinery Co. to use of Good v. Old Lycoming Twp., 25 Pa. Superior Ct. 156. And the fact that the money borrowed by the supervisors without authority is applied by them to the payment of a debt or the discharge of an obligation of the township does not entitle the lender to maintain an action of assumpsit against the township: Gibson v. Plumcreek Poor Dist., 122 Pa. 557. In the present case the money was not borrowed to enable the supervisors to perform their duties in an emergency, and the claim of Brandt is no more meritorious in any point of view than that which was held in the case last cited to give no cause of action against the district. It follows that although the action of assumpsit is an equitable action it could not have been maintained by him against the township. This is conceded by appellant's counsel, but it is made the basis of his claim to subrogation. But if the lender of money to supervisors who have no au-

thority to bind the township to its payment cannot maintain an action against the township, even upon proof that the supervisors used it to pay a debt of the township, it is difficult to see how the same result can be reached by an action brought in the name of the creditor, whose debt has been discharged, to the use of the lender. Subrogation is an equity called into existence for the purpose of enabling a party secondarily liable, but who has paid the debt, to reap the benefit of any securities or remedies which the creditor may hold against the primary debtor, and by the use of which the party paying may be made whole: Bispham's Equity, 7th ed., secs. 27, 335. "It is a legal fiction by force of which an obligation extinguished by payment made by a third party is considered as continuing to subsist for the benefit of this third person, who makes but one and the same person with the creditor in the view of the law:" 2 Bouvier's Law Dict. (Rawle's ed.), 1056. It may arise where a payment has been made under a legitimate and fair effort to protect ascertained interests of the party paying and when intervening rights are not legally jeopardized or defeated: Mosier's Appeal, 56 Pa. 76. But, in general, while subrogation is founded on principles of equity and benevolence and may be decreed where no contract exists, yet it will not be decreed in favor of a mere volunteer who, without any duty, moral or otherwise, pays the debt of another: Campbell v. Foster Home Assn., 163 Pa. 609. An examination of the Pennsylvania cases shows that this is the general rule. The difficult question is, who is to be deemed a volunteer within the meaning of the rule. As liberal a case as any in Pennsylvania that has come to our notice is Haverford L. & B. Assn. v. Fire Assn., 180 Pa. 522. The second paragraph of the syllabus reads as follows: "A person who has lent money to a debtor for the purpose of discharging a debt may be subrogated by the debtor to the creditor's rights, and if the party who has agreed to advance the money for the purpose employs it himself in paying the debt and discharging the incumbrance on land given for its security,

he is not to be regarded as a volunteer. After such an agreement with the debtor he is not a stranger in relation to the debt, but he may in equity be entitled to the benefit of the security which he has satisfied with the expectation of receiving a new mortgage or lien upon the land for the money paid." In connection with this statement of the point decided we deem it important to call attention to the following remark of Mr. Justice MITCHELL, as indicating the reason for holding that the appellant was not a volunteer: "In the present case the appellant was not a volunteer, but paid the first mortgage on the express direction of the debtor, and with the intention of both parties that the appellant should be secured by the land." The principle would be applicable here to sustain the appellant's claim, if, at the instance of the supervisors, Brandt had paid the debt of the township with the expectation of standing in the creditor's place with reference to that debt; in that case it might be said that the payment was in fact a purchase of the debt and was intended to operate as such. But this is not what was done. Brandt did not pay the debt of the township. He had no interest to protect in lending the money to the supervisors. He was under no compulsion, legal, moral or otherwise, to loan the money for this purpose in order to protect some interest of his own. And it is expressly agreed that when the two notes were paid there was no intention or agreement on the part of either the supervisors or Brandt to assign or deliver them to Brandt, and that the possibility of an equitable assignment, or an assignment by operation of law, of said notes to Brandt did not enter the minds of any of the parties at that time, nor for a number of months afterwards. This is not the case of supervisors lawfully contracting a debt for borrowed money, but taking a security therefor which was invalid in law. Under the strict doctrine as to their authority enunciated in the cases heretofore referred to, no debt of the township was created. Presumably the parties knew the law, and knew that no liability of the township to repay this loan was

incurred.   Brandt was willing to loan the money with this presumed knowledge and to rely on such security for its repayment as the note of the supervisors gave him. It is impossible for us to see how he can be regarded otherwise than as a volunteer, when it comes to the question of the applicability of the doctrine of equitable subrogation.   There is reason for taking this view, which applies peculiarly to a case of this kind.   To permit subrogation, even with the subsequent acquiescence of the board of supervisors that thus exceeded their powers in making the loan, would be practically to establish a precedent whereby the salutary rule as to the restricted powers of these officers could be easily evaded.   See opinion of BROWN, J., in First National Bank of NewCastle v. NewCastle, 224 Pa. 285.   We will not undertake to review the numerous cases, outside of this state, cited in the able brief of the appellant's counsel.   But we have carefully examined and considered all of the Pennsylvania cases which seem to throw any light upon the question, and conclude that in striking off these judgments and leaving the use plaintiff where he voluntarily placed himself, the court was guided by the principle established in those cases.

The order is affirmed at the costs of the appellant.