# Roundsley, Appellant, *v.* Tuscarora Township School District.

*School law—School directors—Borrowing money—Judgment.*

1. A judgment entered against a school district upon a bond, with warrant of attorney executed by certain persons who are described in the body of the bond as "directors of Tuscarora Twp. school board," in favor of one of their number, cannot be sustained as an obligation against the district on mere proof that the district was indebted to certain of the teachers, that there was no money to pay this indebtedness, and that in order to keep the school open during a winter specified it was necessary for the district to borrow money to pay the teachers and to repair schoolhouses.    In such a case it is necessary for the plaintiff to show what taxes were laid or outstanding, what year the salaries of teachers were unpaid, what repairs were to be made to the schoolhouses, and why the district had no available funds.    The plaintiff must show with precision how the alleged emergency arose which justified the borrowing of the money.

2. In such a case the fact that the bond was entered in December, 1904, that interest upon it was paid up to December, 1907, and that the petition to open the judgment was not presented until April, 1909, will not preclude the defendant from questioning either the debt or the judgment.

Argued March 14, 1911.    Appeal, No. 6, March T., 1911, by plaintiff, from order of C. P. Perry Co., Aug. T.,

1908, No. 63, making absolute rule to strike off judgment in case of William Roundsley v. Tuscarora School District. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ.    Affirmed.

Rule to open judgment.    Before Shull, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule to strike off judgment.

*Chas H. Smiley,* for appellant.—The directors had power to borrow the money for which the judgment was entered: International Harvester Co. v. Tuscarora Twp., 43 Pa. Superior Ct. 410; Good Roads Machinery Co. v. Old Lycoming Twp., 25 Pa. Superior Ct. 156; Maneval v. Jackson Twp., 141 Pa. 426; Williamsport v. Com., 84 Pa. 487; Com. v. Pittsburg Select & Common Council, 41 Pa. 278; Com. v. Pittsburg Select & Common Council, 34 Pa. 496; Long v. Lemoyne Borough, 222 Pa. 311.

Defendant was estopped: Herrold v. Union Twp. Poor Dist., 31 Pa. Superior Ct. 43.

Opinion by Rice, P. J., July 11, 1911:

By præcipe of plaintiff's attorney, the prothonotary entered judgment against the defendant school district upon a bond, with warrant of attorney, executed by certain persons, who are described in the body of the bond as "directors of Tuscarora Twp. school board," in favor of one of their number, for the penal sum of $1,000, to the payment of which the obligors bound themselves, their "heirs, executors, administrators, and every of them." The condition of the bond was, that if the obligors, or any of them, "or their successors in office, heirs, executors, administrators, or any of them, shall and do well and truly pay," etc.; and the words of the warrant of attorney were, "to appear for and confess judgment against us for the above sum, with or without declara-

tion," etc. The duty of the prothonotary, in entering judgment upon an instrument containing a warrant of attorney, is to "enter judgment against the person or persons who executed the same," and it may be well questioned whether authority appeared, on the face of the instrument, to enter judgment against the school district. It would seem, from the words of the instrument, unaided by any extraneous matter explaining or qualifying them, that the intention was to create a personal obligation of the signers and to authorize a personal judgment against them. But it is asserted, in the plaintiff's answer to the rule to show cause, that the bond was given for a loan to the district, and was executed in pursuance of a resolution adopted by the board of directors at a regular meeting, and was the corporate action of the board. Assuming for present purposes, without positively deciding the point, that this relieves the case of the objection above suggested, we come to the main question. "Township road supervisors have no general power to borrow money and bind the township for its repayment, nor any implied power to do so, except where its exercise is necessary to enable them to perform their duties: Union Twp. v. Gibboney, 94 Pa. 534; Gibson v. Plumcreek Poor Dist., 122 Pa. 557; Maneval v. Jackson Twp., 141 Pa. 426; Good Roads Machinery Co. to use of Good v. Old Lycoming Twp., 25 Pa. Superior Ct. 156. And the fact that the money borrowed by the supervisors without authority is applied by them to the payment of a debt or the discharge of an obligation of the township does not entitle the lender to maintain an action of assumpsit against the township: Gibson v. Plumcreek Poor Dist., 122 Pa. 557:" International Harvester Co. v. Tuscarora Twp., 43 Pa. Superior Ct. 410. The applicability of these general principles to school directors is conceded by appellant's counsel, but he contends that they are not applicable here because an emergency arose which made it imperatively necessary to borrow the money in order to enable the school directors to perform their duties. This contention makes

it important to examine, with particularity, the aver-
ments of the answer upon which it rests.  These are, first,
that the district was indebted to certain of the teachers
for their salaries and there was no money in the treasury
at that time to pay this indebtedness; secondly, that, in
order to keep the schools of the district open during the
winter of 1904, it was necessary for the district to borrow
money for that purpose, and also for the further purpose
of making repairs to certain of the schoolhouses.  As
pointed out by appellee's counsel, this averment does not
show what taxes were laid or outstanding, nor for what
year the salaries of teachers were unpaid, nor what re-
pairs were to be made to the schoolhouses, nor why the
district had no available funds.  It was incumbent upon
the plaintiff to show how the alleged "emergency" arose.
To hold otherwise would be to hold that it is immaterial
whether it arose from the happening of contingencies which
the directors had no reason to foresee, or from their own
neglect to levy sufficient taxes or to enforce collection and
payment of the same into the treasury.  And if that be
immaterial, then directors can always create the emer-
gency, and thus acquire the power here claimed.  The
general rule under consideration would be of little avail
if it were held that it can be so easily evaded.  The case of
Maneval v. Jackson Twp., 141 Pa. 426, upon which the
appellant relies, falls far short of sustaining his con-
tention, as will be seen by the following excerpt from the
opinion of Chief Justice Paxson: "That supervisors have
no general power to borrow money is conceded.  Nor
have they any implied power to do so, except when its
exercise is necessary to enable them to perform their
duties.  They have no authority to borrow money for the
ordinary repair of roads, but they may do so upon an ex-
traordinary emergency, as where bridges are destroyed,
and roads rendered impassable by a flood.  In such cases,
their duty requires them to place both bridges and roads
in a safe condition for travel.  They must do it promptly,
and are liable to indictment for neglect or refusal to do so;

and if they have no money for such purpose they may borrow it." The facts alleged by the plaintiff disclose no emergency of that character, and the court was not bound to presume facts which he did not distinctly allege. We conclude that, in the circumstances disclosed by the petition and answer, the board of school directors had not lawful authority to borrow money from one of their number and bind the school district by a confession of judgment for the amount of the loan.

The bond was given in December, 1904; the judgment was entered on it in September, 1908; and the petition to open or strike off was presented on April 12, 1909. Because it paid the interest up to December, 1907, and $100 on account of the principal, it is argued that the defendant is barred from questioning either the debt or the judgment, and, in support of this position, counsel cites Herrold v. Union Twp. Poor Dist., 31 Pa. Superior Ct. 43. But in that case suit was brought, the defendant was served with summons, and judgment was regularly entered against it. It was apparently an adverse proceeding; at any rate the defendant had its day in court to contest the claim. Not only so, but it recognized the validity of the judgment by making several payments upon it. The judgment was reported by the township auditors for several successive years as a valid claim, and more than five years were permitted to elapse before the presentation of the petition to open. Here, as has been seen, the defendant was not sued; it had no opportunity to contest the claim in court until judgment was entered; it did nothing after judgment to recognize the validity of the claim or the judgment; and it presented its application within a reasonable time. There is, therefore, no ground for holding that the defendant was barred by its laches, as there was in the case cited.

The order is affirmed and the appeal dismissed at the costs of the appellant.