## Arnold Estate

Before Sinkler, P. J., Klein, Bolger, Hunter and Lefever, JJ.

*Joseph A. Ball* and *Elihu A. Greenhouse,* for exceptants.

*William H. S. Wells, C. Leo Sutton, William C. Ferguson, Jr.,* and *Boyd Lee Spahr,* contra.

HUNTER, J., November 23, 1951.—Exceptant loaned decedent two sums of $1,000 each, which the auditing judge allowed as general claims against an insolvent estate. Exceptant contends that the money was used to defray medical expenses during the last illness of decedent, and that he is entitled to a preference under the equitable doctrine of subrogation.

The first of these loans was made December 11, 1943, 17 months before the death of decedent on May 12, 1945. The auditing judge found that the last illness of decedent began February 14, 1944, when he suffered a stroke, and there was no evidence that his ill health in 1943 was progressive and resulted in his death. The record fully supports these findings of fact, and no preference can be given the first $1,000 loan.

The second loan was made on April 18, 1944, 11 months before decedent's death, and was by check drawn to the order of decedent's daughter and deposited in her account. Decedent and his daughter, Alma H. Arnold, were attorneys at law, and claimant Harry Norman Ball was also an attorney with offices in the same suite. Miss Arnold testified that the money was used to defray the cost of nurses, doctors and masseurs. Her testimony was without the benefit of records which would have traced the money through the mingled funds of her bank account to the purposes mentioned.

We recognize and commend this act of kindness to an old friend and associate in time of need, but we cannot find that there was an agreement, express or implied, between them that claimant be given a preference. In Home Owners' Loan Corp. v. Crouse, 151 Pa. Superior Ct. 259, the court said (p. 262) :

" 'It always requires something more than the mere payment of a debt in order to entitle the person paying the same to be substituted in the place of the original

creditor. A mere volunteer . . . who, having no interest to protect, without any legal or moral obligation to pay, and without an agreement for subrogation, or an assignment of the debt, pays the debt of another is not entitled to subrogation, the payment in his case absolutely extinguishing the debt.' "

See also International Co. v. Tuscarora Twp., 43 Pa. Superior Ct. 410.

In A. L. I. Restatement of the Law of Restitution, §43, the comment on subsection (3) states:

"In the absence of fraud or mistake, a person who lends money to another for the discharge of a lien upon property without an agreement for a new lien to be given to him upon the same property is not entitled to have the old lien reinstated although the new lien is not given."

Exceptant relies on Bossard's Estate, 26 Dist. R. 434, in which claimant himself made direct payment of the surgeon and hospital bills, and was given the right of subrogation. This decision is in accord with the exception mentioned in International Co. v. Tuscarora Twp., supra (43 Pa. Superior Ct., at p. 416) :

". . . If, at the instance of the supervisors, Brandt had paid the debt of the township with the expectation of standing in the creditor's place with reference to that debt; in that case it might be said that the payment was in fact a purchase of the debt and was intended to operate as such."

In the case before us, claimant did not himself pay the debt, and in the absence of proof of an understanding between the parties, as required by authorities cited, the loan here made must be regarded as an ordinary debt without preference over other debts of decedent.

The exceptions are dismissed and the adjudication is confirmed absolutely.